**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANK DONOFRIO,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA US RETAIL, LLC<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>No. 2:18-cv-00599-AB |
| WILLIAM V. ANTONELLI, JR.,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC.,<br>IKEA US RETAIL, LLC, and<br>IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>No. 2:19-cv-01286-AB |
| BRANDON PAINE,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC.,<br>IKEA US RETAIL, LLC, and<br>IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>No. 2:19-cv-00723-AB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**<u>MOTION TO QUASH PLAINTIFFS'THIRD-PARTY SUBPOENA</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DONOFRIO,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA US RETAIL, LLC<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>CIVIL ACTION<br>No. 2:18-cv-00599-AB |
| WILLIAM V. ANTONELLI, JR.,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC.,<br>IKEA US RETAIL, LLC, and<br>IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | :<br><br>:<br>:<br>:<br>:<br>:<br>:<br>:<br><br>: | <br>:<br><br><br><br>CIVIL ACTION<br>No. 2:19-cv-01286-AB<br><br><br>: |
| BRANDON PAINE,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC.,<br>IKEA US RETAIL, LLC, and<br>IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br>CIVIL ACTION<br>No. 2:19-cv-00723-AB<br><br><br>: |

**<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' THIRD-PARTY SUBPOENA</u>**

## I. <u>INTRODUCTION</u>

In these collective actions alleging age discrimination, Defendants are now trying to prevent Plaintiffs from obtaining information that would support their allegations of a culture at Defendants in which age discrimination is tolerated and encouraged and no remedial and/or

corrective action is taken regarding the same. Defendants' efforts to prevent Plaintiffs from getting discovery that is undisputedly relevant to their claims should be rejected, and their present Motion to Quash Plaintiffs' subpoena seeking the same should be denied.

## II. BRIEF RELEVANT FACTUAL/PROCEDURAL BACKGROUND

On March 9, 2023, this Court granted the parties' Joint Motion to Amend the September 7, 2022 Scheduling Order and extended the fact discovery deadline in these matters through September 1, 2023. (ECF 264) On July 12, 2023, Plaintiffs, through the undersigned counsel, gave notice to Defendants of their intent to serve a third-party subpoena upon Christine Burke, Esq., an attorney at Karpf, Karpf & Cerutti, requesting the following:

> Your entire file (excluding attorney-client privileged communications and work product) concerning the case of Katie Wagner v. IKEA North American Services, LLC d/b/a IKEA, including but not limited to, pleadings, depositions, videos, photographs, discovery requests and responses, notes, emails and other documents that refer or relate to the above-referenced case; and, your entire file (excluding attorney-client privileged communications and work product) concerning the case of Michael DeSanto v. IKEA North American Services, LLC d/b/a IKEA, including but not limited to, pleadings, depositions, videos, photographs, discovery requests and responses, notes, emails and other documents that refer or relate to the above-referenced case.

(Attached hereto as Exhibit "A" is Plaintiffs' subpoena to Ms. Burke.)

Ms. Burke represented Katie Wagner and Michael DeSanto in connection with lawsuits that each brought against Defendant IKEA North American Services, LLC d/b/a IKEA ("IKEA"). Ms. Wagner was employed by IKEA as a Recruitment Delivery Manager from March 2017 through her termination in 2020. (Attached hereto as Exhibit "B" is Ms. Wagner's court complaint at ¶¶ 12, 48) She reported directly to the Vice President of Succession Planning/Talent Manager who reported directly to the Chief Human Resources Office for the U.S. (*Id*. at ¶¶ 16-17) Ms. Wagner alleged in her complaint that another Recruitment Delivery Manager engaged in, *inter alia*, age discriminatory conduct and that she reported the same to IKEA. (Id. at ¶¶ 20-22; 28-29) Despite Plaintiff's complaints about the manager engaging in,

*inter alia*, age discriminatory conduct, that manager took on more of a leadership role within IKEA. (*Id*. at ¶ 30) When IKEA failed to take action regarding Plaintiff's complaints, she complained again, including regarding the manager's age discriminatory conduct. (*Id*. at ¶ 40) Immediately thereafter, Ms. Wager was told that she was the subject of an investigation into her conduct (for a vague complaint about which she was not given any details); IKEA terminated her employment about one month later. (*Id*. at ¶ 41-48)

Mr. DeSanto's allegations are similar to Ms. Wagner's. He was employed by Defendants from October 2017 through August 2020 as a Recruitment Delivery Manager. (Attached hereto as Exhibit "C" is Mr. DeSanto's court complaint at ¶¶ 11, 41) He reported directly to the Vice President of Succession Planning/Talent Manager who reported directly to the Chief Human Resources Office for the U.S. (*Id*. at ¶¶ 15-16) Shortly after Mr. DeSanto engaged in protected activity by reporting, *inter alia*, another manager's age discriminatory conduct to IKEA, his employment was terminated; he was not given a reason for the same. (*Id*. at ¶¶ 35-37, 41)

After Plaintiffs gave notice of their intention to serve the subpoena on Ms. Burke, Defendants advised that they would file a Motion to Quash the subpoena (although they failed to set forth the basis for their assertion). On July 14, 2023, the parties met and conferred regarding Defendants' objections to the subpoena. Despite Plaintiffs' efforts to resolve Defendants' concerns (including agreeing to designate as "Confidential" ***all*** documents produced in response to the subpoena), Defendants refused to propose any modification to Plaintiffs' subpoena and continued to assert that Plaintiffs are not entitled to ***any*** responsive documents. (Attached hereto as Exhibit "D" are the parties' written communications regarding this issue.) Defendants then filed their present Motion to Quash. (ECF 328) Importantly, Ms. Burke has not filed any motion

to quash or modify the subpoena.[1] As set forth herein, the information that Plaintiffs are seeking is undisputedly relevant to their claims; and, Defendants have failed to meet their burden to demonstrate that the subpoena at issue should be quashed. As such, Defendants' present Motion should be denied.

## III. ARGUMENT

### A. Defendants Do Not Have Standing To File Their Present Motion

Generally, "a party does not have standing to quash a subpoena served on a third party." *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (citation omitted). "[A] motion to quash or modify a subpoena directed to a nonparty must be brought by the non-party itself." *Behne v. Halstead*, 2014 U.S. Dist. LEXIS 130819, at *7 (M.D. Pa. Sept. 18, 2014) (citing *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434–35 (E.D. Pa. 2001)).

There is a limited exception applicable to ***a party*** who moves to quash, but ***only*** where the party can demonstrate that it has "a personal right or privilege regarding the production." *Conrey v. IBM Corp. (In re Subpoena to Keebaugh)*, 2019 U.S. Dist. LEXIS 193395, at *3 (E.D. Pa. Nov. 5, 2019) (citing *Savant Sys., LLC v. Crestron Elecs., Inc.*, 2012 U.S. Dist. LEXIS 39871, at *7 (E.D. Pa. Mar. 22, 2012)); *see also* Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2020) (explaining that "a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena").

Defendants have not met their burden to demonstrate their own "personal right or privilege" in the documents sought by the subpoena to Ms. Burke. Indeed, they have failed to address, at all, the same in connection with their lack of standing to file their present Motion to

[1] The only issue that Ms. Burke raised in connection with the scope of the subpoena was regarding medical and information shared by Ms. Wagner or Mr. DeSanto in connection with their claims for damages. Plaintiffs confirmed that they were not seeking any medical or financial information.

Quash. Defendants have not shown they have any ***personal*** right or privilege in the information sought by Plaintiffs.

Furthermore, a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden. *Aetrex Worldwide, Inc. v. Burten Distrib.*, 2014 U.S. Dist. LEXIS 172857 at *11-13 (D.N.J. December 12, 2014) (citing *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001).*Aetrex* at *11-13. Defendants argue exactly that, i.e., that the subpoena at issue should be quashed because it seeks documents that are irrelevant to the subject matter in this action. Defendants, simply put, do not have standing to seek to quash Plaintiff's subpoena to a third-party, and, as such, their present Motion should be Denied.

**B. <u>Defendants Have Failed to Meet the Legal Standard Required for a Motion to Quash</u>**

Even if Defendants did have standing to file their present Motion, they have failed to meet their burden required to demonstrate that Plaintiffs' subpoena should be quashed. Pursuant to Federal Rule of Civil Procedure 45, the only circumstances under which a Court is required to quash a subpoena is if it: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosures of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

Under that same rule, the Court may quash a subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or other commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B). "The Court cannot quash a subpoena that leads to unprivileged, relevant or admissible evidence." *Schmulovich et al. v. 1161 Rt. 9 LLC et al.*, 2007 U.S. Dist. LEXIS 59705, at *6 (D.N.J. Aug. 13, 2007) (citations omitted). The ***moving party*** has the "burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Nye v. Ingersoll Rand Co.*, 2011 U.S. Dist. LEXIS 7383, at *18 (D.N.J. Jan. 25, 2011) (*citing Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 813, 818 (5th Cir. 2004)).

As set forth herein, Defendants have failed to meet its burden under Fed. R. Civ. P. 45 to demonstrate the circumstances under which the Court is required to quash Plaintiff's subpoena, or may quash the subpoena. As such, its present Motion should be denied.

### C. Defendants Have Failed To Meet Their Burden To Show That Plaintiffs' Subpoena Seeking Relevant And Discoverable Information Should Be Quashed

Even if Defendants did have standing to file their present Motion to Quash, they have failed to demonstrate, as they must, that the information sought by Plaintiffs' subpoena is irrelevant to their claims. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1)."

Discovery rules are to be construed liberally in favor of the party seeking discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The party resisting discovery must demonstrate how the discovery is not relevant. *Kopacz v. Delaware River and Bay Authority*, 225 F.R.D. 494, 497 (D.N.J. 2004). "[R]elevancy is to be broadly construed for discovery purposes and is

not limited to the precise issues set out in the pleadings." *Small v. Provident Life & Accident Ins. Co.*, 1999 U.S. Dist. LEXIS 18930, at *3 (E.D. Pa. Dec. 8, 1999) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The documents that Plaintiffs requested in their subpoena regarding Ms. Wagner and Mr. DeSanto's lawsuits are undisputedly relevant to their matters. First, both of those individuals included in their complaints allegations that a manager at Defendants was engaging in age discriminatory conduct; that they complained about the same; that Defendants failed to take appropriate action; and, that, instead of taking action regarding their complaints of discriminatory conduct, Defendants retaliated against them -when they engaged in protected activity regarding, among other discriminatory conduct, age discrimination in violation of the ADEA. (*See, generall*y, Exhibits "B" and "C"). Plaintiffs in these matters have made allegations of a similar nature. *See* Plaintiff Paine's Consented to Second Amended Complaint, 19-00723, ECF 46 at ¶ 62(l)("IKEA US fails to remediate complaints of age discrimination, and thus promotes a culture in which discrimination against older employees is tolerated and encouraged."). *See also* Plaintiff Antonelli's First Amended Complaint, 19-01286, ECF 15 at ¶ 56(m)("IKEA US fails to remediate complaints of age discrimination, and thus promotes a culture in which discrimination against older employees is tolerated and encouraged.") Moreover, Plaintiff Antonelli alleged that he complained, repeatedly, about age discriminatory comments made by a managerial-level employee and that Defendants failed to remediate his complaints of age discrimination and retaliated against him by taking adverse employment actions against him, including failing to promote him. (*See, e.g.*, Plaintiff Antonelli's First Amended Complaint, 19-01286, ECF 15 at ¶¶ 71-77, 82, 89, 93-104, 106-107)

Given the similarities between the allegations in Plaintiffs' complaints in these present matters, and the allegations that Ms. Wagner and Mr. DeSanto made in their respective complaints, Defendants' assertions in their present Motion that, "[t]here is no connection between the Wagner and DeSanto matters and the collective actions", that "[t]he subpoenaed case files simply have no relevance to the collective actions", and that "the only parallels that exist are that IKEA is a defendant, Wagner and DeSanto were recruiters, and one of Wagner's and DeSanto's claims was an unrelated ADEA retaliation theory" are stunning.[2] When two managers who were directly involved in recruiting and talent management, the very same processes that Plaintiffs have complained are age discriminatory, complained that another management-level employee involved in those areas was engaging in age discriminatory conduct and that IKEA not only failed to take appropriate action but retaliated against those managers who engaged in protected activity, Defendants cannot with any legitimacy argue that that information is irrelevant to Plaintiffs' claims. To the contrary, it is undisputedly relevant.

Similarly, Defendants' argument that Plaintiffs' subpoena should be quashed in its entirety because it "produced certain documents in Wagner and DeSanto with the understanding and expectation that Wagner and DeSanto were subject to stipulated discovery confidentiality orders"[3] is baseless. It is also undermined by the fact that, when the parties met and conferred regarding this matter, Plaintiffs offered to designate as "confidential" all documents produced in response to the subpoena, but Defendants refused and proceeded to file their present Motion to Quash.

Finally, Defendants' assertion that Plaintiffs' subpoena should be quashed because they are trying to do an "end run" around the discovery process should be rejected. Plaintiff Donofrio

---

[2] Defs.' Mot. p. 6 (ECF 328)
[3] Defs.' Mot. p. 6 (ECF 328)

requested "[a]ll documents concerning complaints of age discrimination (including both formal and informal, and both internal and external) made by IKEA employees." (See Exhibit "E", No. 22). Defendants did not produce the *Wagner* and *DeSanto* case documents, even though it is undisputed that both individuals made complaints of age discrimination. Defendants should not be rewarded for withholding responsive and relevant documents from Plaintiffs and then, when Plaintiffs try to obtain such documents, complain that that they are trying to circumvent the discovery process. Otherwise, that is all that a defendant would have to do to avoid producing relevant and responsive documents to a plaintiff in an employment discrimination matter such as this one.

Simply put, Defendants have failed to meet their burden to demonstrate that Plaintiffs' subpoena to Ms. Burke should be quashed pursuant to Fed.R.Civ. 45. It is clear that they do not want Plaintiffs to obtain information about Ms. Wagner and Mr. DeSanto's claims. Their present Motion, and attempts to deprive Plaintiffs of information relevant to their claims, should be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' present Motion to Quash.

Respectfully submitted,

**CONSOLE MATTIACCI LAW**

Dated:_August 11, 2023

By: /s/ Caren N. Gurmankin____
Caren N. Gurmankin
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiffs