**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA US RETAIL, LLC,<br>Defendant. | CIVIL ACTION NO. 18-599-AB |
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION NO. 19-1286-AB |
| BRANDON PAINE, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION NO. 19-723-AB |

**<u>REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFFS' THIRD-PARTY SUBPOENA</u>**

## I. IKEA HAS AN INTEREST IN PLAINTIFFS' THIRD-PARTY SUBPOENA AND STANDING TO BRING THIS MOTION.

Plaintiffs claim IKEA has no standing to quash the Subpoena. Plaintiffs are mistaken for at least two reasons.

***First***, IKEA has standing because it has a personal right to the documents sought in Plaintiffs' third-party subpoena directed to Christine Burke, Esq. at Karpf, Karpf & Cerutti, which requests the "entire file" for two separate litigation matters: *Katie Wagner v. IKEA North America Services, LLC* and *Michael DeSanto v. IKEA North America Services, LLC* (the "Subpoena"). A party has standing to quash a third-party subpoena when it "claims 'some personal right or privilege in respect to the subject matter of the subpoena duces tecum directed to a nonparty.'" *First Sealord Sur. v. Durkin & Devries, Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting *Davis v. Gen. Accident Ins. Co. of Am.*, No. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)). A "movant's personal right or interest in the documents themselves confers standing." *Savant Sys., LLC v. Creston Elecs., Inc.*, No. 12-MC-51, 2012 WL 987404, at *3 (E.D. Pa. Mar. 22, 2012).

Because the Subpoena seeks documents from litigation to which IKEA was a party and includes documents IKEA produced and owns, IKEA has an interest and personal right to the information and documents. *See Meyer v. Delaware Valley Lift Truck, Inc.*, No. 18-1118, 2019 WL 2903666, at *1 n.1 (E.D. Pa. July 5, 2019) (holding as a threshold matter the defendant had standing to quash a subpoena because the subpoena sought the defendant's accounting records, "information in which Defendants certainly 'have an interest'"); *cf. Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001) (finding the defendant did not have standing because the subpoena sought information about persons *other* than the defendant or in privity with the defendant).

***Second***, IKEA has standing because "a party also has standing 'to move to enforce the Court's orders and rules'" and "a personal interest in preventing Plaintiffs from circumventing the court's [prior discovery order] by subpoenaing a third-party." *Cardona v. Vivint Solar, Inc.*, No. 19-MC-00161, 2019 WL 4686556, at *2 (E.D. Pa. Sept. 26, 2019) (citation omitted). That is, courts are clear that a party, like Plaintiffs here, "cannot get in through the back door what the Court prevented it from obtaining through the front door." *Shevlin v. Phoenix Life Ins. Co.*, No. 09-6326, 2012 WL 13034075, at *2 (D.N.J. May 24, 2012). This Court's March 9, 2023 Amended Scheduling Order makes clear that written fact discovery closed on January 14, 2022 (*Donofrio* ECF 310), confirming a deadline previously expressed in the Court's October 28, 2021 Amended Scheduling Order (*Donofrio* ECF 255). Discovery disputes were due by May 4, 2023. Plaintiffs raised no issues with IKEA or the Court related to the subpoenaed documents in the *Wagner* and *DeSanto* cases, or even followed up with IKEA to specifically request documents from those cases. Plaintiffs' decision to circumvent the Court's Orders and the rules of discovery further allows IKEA to challenge and quash this subpoena.

In short, IKEA has standing to challenge Plaintiffs' effort to evade the Court's discovery orders and obtain improper discovery.

## II. PLAINTIFFS IGNORE THE RULES OF DISCOVERY AND MISREPRESENT UNDERLYING FACTS TO CREATE AN ILLUSION OF RELEVANCY.

Plaintiffs' Opposition also mistakenly argues the entire *Wagner* and *DeSanto* litigation files are relevant to the collective actions and that Plaintiffs had requested documents concerning age discrimination in their prior discovery requests to Defendants. (*Donofrio* ECF 255 at 7-9). These arguments misleadingly ignore the significant differences between *Wagner* and *DeSanto* and the collective actions, Plaintiffs' dodging of the Court's deadlines, and their deviation from proper discovery processes.

Plaintiffs draw a false comparison between the *Wagner* and *DeSanto* cases and the collective actions. Plaintiffs contend that Wagner and DeSanto alleged a manager engaged in discriminatory behavior, they complained about that behavior, were retaliated against for those complaints, and that these facts are "similar in nature" to Plaintiffs' allegations here. (*Donofrio* ECF 255 at 7). Despite Plaintiffs' attempts to rewrite the *Wagner* and *DeSanto* Complaints to better fit their story, the reality is that Rick Carlsey, the alleged wrongdoer in *Wagner* and *DeSanto*, was not hired at IKEA until *after* June 1, 2019, the end of the latest class period in these collective actions. Moreover, Wagner and DeSanto made their alleged age and gender discrimination complaints in June and July 2020, over one year *after* the end of the latest class period. As a result, the complaints about Carlsey cannot relate to the collective actions, and there is no basis for Plaintiffs to obtain the "entire file". Plaintiffs further disregard the fact that Wagner's and DeSanto's complaints had nothing to do with promotions, let alone promotions in a retail store during the relevant time period. Thus, the allegations are certainly not "similar in nature" to those at issue in these cases. Once these facts erased by Plaintiffs are properly reinserted into the narrative, there is no relevance to or connection between *Wagner* and *DeSanto* and the collective actions.

Plaintiffs likewise dodge the issue that the Subpoena is being used as a device to circumvent Rule 34 of the Federal Rules of Civil Procedure. As noted above, written fact discovery ended on January 14, 2022, and the parties had until May 4, 2023, to raise discovery issues with the Court. Plaintiffs did not raise any issues related to documents from the *Wagner* and *DeSanto* matters. Although they cite to their discovery request for documents concerning age discrimination complaints made by IKEA employees, (*see* Ex. E to Pl.'s Opp., *Donofrio* ECF 255), those discovery requests are from 2018. Wagner and DeSanto filed their Complaints in March

2021, and thus were not responsive to that request, nor did Plaintiffs ever follow up with Defendants or request *Wagner* and *DeSanto* materials—until this third-party Subpoena. Plaintiffs should not be permitted to serve an improper third-party subpoena as a vehicle to bypass deadlines or the usual avenues used to seek additional alleged responsive documents (such as, a deficiency letter, meet and confer, and/or motion to the Court).[1]

In sum, the *Wagner* and *DeSanto* matters are not relevant to these collective actions and the Court should grant IKEA's Motion to Quash

## III. CONCLUSION

Litigation files related to Complaints filed almost two years *after* the end of the class period and which relate to allegations that likewise fall far outside the class periods or scope of the collective actions are outside the scope of proper discovery. This Subpoena is a blatant attempt to evade deadlines, harass IKEA, and avoid objections by IKEA, even though these same documents are within Defendants' possession. The Subpoena should be quashed.

---

[1] Moreover, Plaintiffs claim that they would treat the subpoenaed documents as confidential; however, courts have recognized that such representations are insufficient when production of the documents would violate a confidentiality or protective order in another case. *See Savant Sys.*, 2012 WL 987404, at *4 ("It is an abuse of the discovery process to order a defendant in the instant litigation to produce all documents which he had submitted in another case under the judicial imprimatur that those documents, when submitted, were judicially protected as confidential."); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, No. 74-2451, 1978 WL 1333, at *3 (E.D. Pa. May 2, 1978) (stating "the status of confidentiality of these documents will not be breached by an order of this court").

Respectfully Submitted,

*/s/ Brandon R. Sher*

Paul Lancaster Adams, Esq.
Brandon R. Sher, Esq.
Jennifer G. Betts, Esq.
Emily Santoro, Esq.
Chris R. Pace, Esq. (Admitted *Pro Hac Vice*)
John G. Stretton, Esq. (Admitted *Pro Hac Vice*)
Thomas A. Lidbury, Esq. (Admitted *Pro Have Vice*)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, PC.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2840 Telephone
(215) 995-2801 Facsimile

Dated: August 21, 2023

*Attorneys for Defendants*