# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK DONOFRIO, | : |
| *on behalf of himself individually* | : |
| *and on behalf of those similarly situated,* | : |
| Plaintiff, | : CIVIL ACTION |
| | : No. 2:18-cv-00599-AB |
| v. | : |
| IKEA US RETAIL, LLC | : |
| Defendant. | : |

| | |
|---|---|
| WILLIAM V. ANTONELLI, JR., | : |
| *on behalf of himself individually* | : |
| *and on behalf of those similarly situated,* | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : No. 2:19-cv-01286-AB |
| IKEA HOLDING US, INC., *et al.* | : |
| Defendants. | : |

| | |
|---|---|
| BRANDON PAINE, | : |
| *on behalf of himself individually* | : |
| *and on behalf of those similarly situated,* | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : No. 2:19-cv-00723-AB |
| IKEA HOLDING US, INC., *et al.* | : |
| Defendants. | : |

**PLAINTIFFS' DOCUMENTED, ITEMIZED REQUEST FOR FEES AND EXPENSES INCURRED IN CONNECTION WITH THEIR MOTION FOR SANCTIONS**

I.     **Introduction**

On May 6, 2024, the Court granted Plaintiffs' Motion for Sanctions (*Donofrio* ECF 312) in these three cases and ordered IKEA to pay Plaintiffs' reasonable attorneys' fees and expenses incurred in connection with the Motion, beginning with Plaintiffs' January 2023 communications with IKEA to attempt to address IKEA's incomplete 2022 productions, and including the evidentiary hearing on Plaintiffs' Motion for Sanctions held on December 20, 2023 and January 29, 2024 and all subsequent briefing in connection with this Motion. *Donofrio* ECF 312. The Court further ordered Plaintiffs to submit a documented, itemized request for fees and expenses incurred in connection with the Motion for Sanctions on or before June 3, 2024. *Donofrio* ECF 312.

Pursuant to the Court's Order, Plaintiffs submit herewith a documented request for reasonable fees in the amount of $644,212 and expenses of $434.64.

Plaintiffs' Motion for Sanctions <u>required a lot of work</u>. IKEA's incomplete production of ESI from critical custodians was a serious matter that greatly impacted Plaintiffs' ability to litigate these three ADEA collective actions. As the Court found, IKEA's willful and bad faith conduct prejudiced Plaintiffs. *Donofrio* ECF 378 at pp. 62-63. The situation warranted significant effort. Further, as the Court also found, IKEA engaged in a strategy of delay and obfuscation following the January 2023 communications by Plaintiffs' counsel (Console Mattiacci, LLC, referred to hereinafter as "CML") to attempt to address IKEA's incomplete 2022 production. ECF 379 at pp. 19-23, 64. CML was forced to incur considerable attorney time dealing with IKEA's delay and obfuscation. Moreover, this was a sensitive matter that required careful consideration. Accusing IKEA of deleting evidence and violating a Court Order was not undertaken lightly. CML appreciated, too, the time and attention the Court gave the Motion and devoted significant firm resources to the preparation and presentation of our case to the Court. The work for which Plaintiffs seek payment of attorneys' fees is set forth in detail by chronology and by attorney/professional in the contemporaneous time records submitted herewith, which were carefully reviewed. The time expended was necessary to prevail and reasonable.

1

The hourly rates requested are reasonable. CML is recognized as a preeminent plaintiffs' employment law firm that does outstanding work. In fact, CML's then-current hourly rates were just approved in January 2024 by Judge Slomsky, who praised the caliber of the firm's work. *See Meigs v. Care Providers Ins. Servs., LLC*, 2024 U.S. Dist. LEXIS 91 (E.D. Pa. Jan. 2, 2024), which is attached hereto as **Exhibit F**.

II.     **Plaintiffs are Entitled to Reasonable Attorneys' Fees and Costs.**

Because the Court has already ordered IKEA to pay Plaintiffs' reasonable attorneys' fees and expenses, the issue before the Court is the amount of reasonable attorney's fees.

A.     **Plaintiffs are Entitled to the Full Lodestar of Attorney Fees**

Courts typically use the lodestar method to calculate an award of expenses and attorney's fees as a sanction under Rule 37 against a party failing to comply with a discovery order. *Ganoe v. Austin*, No. 1:20-cv-00663, 2023 U.S. Dist. LEXIS 104571, at *5 (M.D. Pa. June 15, 2023); *Shulman v. Chromatex, Inc.*, No. 3:08-0229, 2012 U.S. Dist. LEXIS 112988, at *12 (M.D. Pa. Aug. 10, 2012); *Boa v. Novesa USA Inc.*, No. 17-5461, 2019 U.S. Dist. LEXIS 4112, at *1 n.1 (E.D. Pa. Jan. 4, 2019); *Endurance Am. Specialty Ins. Co. v. Hosp. Supportive Sys. LLC*, No. 17-3983, 2018 U.S. Dist. LEXIS 136922, at *9 (E.D. Pa. Aug. 14, 2018). Plaintiffs seek payment of reasonable attorneys' fees as determined by CML's lodestar calculation of hours reasonably worked multiplied by CML's reasonable hourly rates.

CML keeps contemporaneous and descriptive records of time spent on cases and has done so in these three ADEA collective actions. Our firm compiled the time entries we spent on the Sanctions motion, per the Order, into an Excel spreadsheet identifying the date, attorney/professional, description, time spent, rate and total amount. Susan Saint-Antoine carefully reviewed the time entries and exercised billing judgment to edit the entries to reflect only the time for which CML seeks reimbursement. Some of the block entries for time spent on these IKEA cases included work that was not incurred in connection with the Motions for sanctions. Ms. Saint-Antoine edited those descriptions from the block entries and,

2

using her judgment and experience working on these cases, apportioned the time recorded to charge for only the sanctions related matters per the Court's Order. The spreadsheet with the contemporaneous time entries, as edited, is submitted herewith as **Exhibit A** (organized by name) and **Exhibit B** (organized in chronological order).

CML's lodestar calculation based on that work is summarized as follows:

| Attorney (as referenced in time entries) | Year began practicing | Hours Worked | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Stephen G. Console ("SGC") | 1982 | 13 | 960 | $12,480 |
| Laura C. Mattiacci ("LCM") | 2002 | 118 | 900 | $106,200 |
| Susan Saint-Antoine ("SSA") | 1989 | 543.9 | 860 | $467,754 |
| Evelyn Kallenbach ("EK") | 2021 | 199.4 | 230 | $45,862 |
| Madison Z Provorny ("MZP") | 2023 | 7 | 115 | $805 |
| Caren N. Gurmankin ("CNG") | 2007 | 9 | 620 | $5,580 |
| Professionals (as references in time entries) | | | | |
| Alexis Rodriguez ("AMR") | 2021 | 17.7 | 100 | $1,770 |
| Cheryl A. Weaver ("CWM") | 1990 | 7.9 | 195 | $1,541 |
| Toni Murphy ("TNM") | 2009 | 22.2 | 100 | $2,220 |
| Total | | 938.1 | | $644,212 |

The reasonableness of CML's lodestar amount is supported by, inter alia, the accompanying declarations of CML attorneys Stephen G. Console ("Console Decl.") (**Exhibit C**), Laura C. Mattiacci ("Mattiacci Decl.") (**Exhibit D**), and Susan Saint-Antoine ("Saint-Antoine Decl.") (**Exhibit E**).

3

As set forth more fully below, the hours expended by CML were reasonable and necessary to win this extremely challenging and hard-fought motion, and the rates charged for doing so are reasonable.

1. **Plaintiffs' Counsel Expended a Reasonable Number of Hours in Connection with the Motion for Sanctions.**

CML's attorneys worked tenaciously for over a year to hold IKEA accountable for their spoliation of evidence and violation of this Court's April 29, 2022, Order. The hours CML expended in this case were reasonable because the firm did what was necessary to win, which it did.

a. **CML staffed this case according to what was necessary.**

CML is a boutique employee rights firm that allocates work among its legal staff in a way so as to ensure excellent representation in an efficient manner. Console Decl. ¶14. The firm's founder and principal attorney, Stephen G. Console, oversees each case and offers input especially into its initial assessment, strategy, and negotiations. *Id.* at ¶17. Each case is staffed according to its need. *Id.* If it is necessary to try a case in court, the firm devotes great resources to what is considered in today's legal world to be an unusual event requiring unique talent and specialized skills. *Id.* If warranted, as was the case here, the matter will be presented in court by firm Member Laura Mattiacci, the firm's designated lead trial counsel for its most significant cases. *Id.*

Generally, the motion was staffed as follows: Susan Saint-Antoine, a partner at CML, was the attorney in charge of handling Plaintiffs' case with overall responsibility for all pre-trial matters. *Id.* Ms. Saint-Antoine's pre-litigation work was supported by CML associates, Evelyn Kallenbach and Madison Provorny. As is our firm's practice, Ms. Mattiacci would generally be kept abreast of the case, and then step in if and when it went to court. *Id.* In light of the stakes involved, including the enormous resources our firm had devoted to the litigations, including to preparing Plaintiffs' sanctions motion, and the necessity to call Ms. Saint-Antoine as a witness at the sanctions hearing, Ms. Mattiacci's involvement when it came time to argue the motion was crucial.

4

CML's case staffing according to particular skills works. Mr. Console has attested that he has found, in his approximately forty years of experience, that this method of staffing is necessary to advocate for clients at the highest level and achieve the reputation and success that CML has. *Id.* at ¶18.

In a recent opinion approving of the reasonableness of Ms. Mattiacci's time spent preparing for trial, Judge O'Hearn stated: "The reality today is there are fewer and fewer skilled trial attorneys. It is not unusual for one or two attorneys in a firm to be designated as the lead trial attorney, particularly a size of this plaintiff's firm. It is a usual and expected part, in my experience, that when a case is tried, trial counsel comes in and prepares to try the case. I think that this is the reality of current-day litigation." *Hightower v. Ingerman Management Company, et al.*, 17-cv- 08025, ECF No. 400 (D.N.J. Oct. 25, 2022) (emphasis added).

      b.   **Plaintiffs' Counsel Expended a Reasonable Number of Hours in Conjunction with Defendants' Sanctioned Conduct.**

**Stephen G. Console** is CML's founder who, with nearly forty years of experience, is recognized as a preeminent employment lawyer. Since the outset of this matter, he performed 13 hours of work for which Plaintiffs seek reimbursement. Console Decl. ¶19. He closely monitored and remained involved with strategizing and decision-making. *Id*. Among other things, he: conferred with Susan Saint-Antoine regarding the deletion of emails, the spoliation motion, the sanctions motion and reply brief, sanctions, and sanctions hearing; participated in a telephone conference with opposing counsel; participated in internal conferences with Susan Saint-Antoine and Laura Mattiacci. *Id.* The itemized time entries for Mr. Console's work are set forth in **Exhibit A** and are reasonable. Id. ¶¶26, 30.

**Laura Mattiacci** focused intensively on the sanctions hearing. Mattiacci Decl. ¶15. Ms. Mattiacci is an experienced trial lawyer whose superior skills and successes have commanded the attention and respect of the defense bar. *Id.* at ¶ 8. Ms. Mattiacci mastered the highly detailed and technical ESI and evidentiary issues, worked extensively on hearing preparation, and presented the

5

evidence to the Court in a way that allowed it to see that IKEA had committed spoliation and had violated the Court's April 29, 2022, Order.

From November 2023 through February 2024, Ms. Mattiacci performed 118 hours of work on this case for which Plaintiff seeks compensation. Specifically, and without limitation, she:

- Reviewed the motion for sanctions and responses;

- Attended team meetings to discuss case strategy;

- Assisted with drafting the exhibit list for the sanctions hearing;

- Reviewed new productions by Defendant;

- Conferred with Steve Console and Susan Saint-Antoine regarding IKEA's December 2023 production;

- Reviewed transcripts from previous discovery hearings;

- Reviewed legal research on spoliation;

- Reviewed and revised subpoenas for sanctions hearing;

- Prepared for Sanctions Hearing;

- Attended the Sanctions Hearing as lead counsel;

- Discussed the Sanctions Hearing with CML IKEA team;

- Communicated with opposing counsel regarding continued deficiency of meta-data;

- Assisted with post-hearing sanctions brief.

The itemized entries for Ms. Mattiacci's work are set forth in **Exhibit A** and are reasonable.

**Susan Saint-Antoine** is the partner with primary responsibility for pre-trial litigation of this case, including the supervision of Ms. Kallenbach and Ms. Provorny. Ms. Saint-Antoine has practiced employment law with our firm for more than 25 years and excels at analyzing and briefing complex legal issues. Ms. Saint-Antoine has worked on the IKEA cases since the beginning and was the attorney at our firm with the history and knowledge of IKEA's past discovery practices and the documents produced.

From January 2023, through March 2024, Ms. Saint-Antoine performed 543.9 hours of work on this case for which Plaintiffs seek reimbursement. In summary and without limitation, she:

- Communicated with opposing counsel regarding ESI production issues;
- Reviewed documents by custodian and search issues;
- Consulted with Steve Console regarding missing discovery;
- Reviewed supplemental ESI production;
- Researched spoliation issues;
- Drafted Plaintiff's motion for sanctions brief;
- Consulted with Steve Console regarding motion for sanctions;
- Conferred with Frank Donofrio;
- Drafted Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Sanctions;
- Corresponded with the Court regarding briefs;
- Corresponded with opposing counsel regarding filing under seal;
- Strategized with colleagues regarding the Motion for Sanctions;
- Conducted legal research regarding Plaintiffs' ability to subpoena corporate representatives;

- Corresponded with opposing counsel regarding evidentiary hearing;

- Reviewed and selected exhibits for evidentiary hearing;

- Conferred with Laura Mattiacci in preparation for evidentiary hearing;

- Conducted legal research regarding spoliation sanctions and expert testimony issues;

- Attended Sanctions Hearing and acted as CML witness;

- Analyzed metadata and custodians of IKEA's December 2023 production;

- Drafted the post-hearing briefs;

- Drafted submissions and declarations of fee breakdown;

- Reviewed IKEA's filings regarding sanctions motion and post-hearing briefs.

The itemized entries for Ms. Saint-Antoine's work are set forth in **Exhibit A** and are reasonable.

**Evelyn Kallenbach**, an associate with the firm, supports Ms. Saint-Antoine on the pre-trial litigation of this case from September 2021 through today. Ms. Kallenbach is a skilled legal writer and researcher which has been critical in this case. Ms. Kallenbach's research and writing were critical in supporting Ms. Saint-Antoine's and Ms. Mattiacci's hearing preparation efforts and in helping CML to secure a victory in the sanctions motion.

From March 2023 through March 2024, Ms. Kallenbach performed 199.4 hours of work on this case for which Plaintiffs seek reimbursement. In summary and without limitation, she:

- Drafted a Motion to Compel (which was not filed after IKEA finally admitted deleting the emails);

- Assisted with drafting and revising the Motion for Sanctions;

- Conducted legal research on the issue of spoliation in preparation for the Motion for Sanctions;

- Attended team meetings on case strategy;

- Reviewed IKEA's December production of documents in CML's e-discovery platform and coded them for significance and whether duplicates existed;

- Assisted with preparation for the Motion for Sanctions hearing;

- Drafted and revised sections of the post-hearing briefs;

- Reviewed IKEA's post hearing submission.

The itemized time entries for Ms. Kallenbach's work are set forth in **Exhibit A** and are reasonable.

**Madison Provorny**, an associate with the firm, has supported Ms. Saint-Antoine on the pre-trial litigation of this case from September 2023 through today.  Ms. Provorny performed 7 hours of work on this case, including editing brief citations, glossary, and timeline of the post-hearing brief for which Plaintiff now seeks reimbursement. The itemized entries for Ms. Provorny's work are set forth in **Exhibit A** and are reasonable.

**Caren N. Gurmankin**, a partner with the firm, worked on all the IKEA matters.  She participated in strategy meetings and attended the sanctions hearing.  Ms. Gurmankin performed 9 hours of work on this case for which Plaintiffs seek reimbursement. The itemized time entries for Ms. Gurmankin's work are set forth in **Exhibit A** and are reasonable.

**Alexis Rodriguez**, a Paralegal with the firm, performed 17.7 hours of work on this case for which Plaintiffs seek reimbursement. Ms. Rodriguez assisted in preparing exhibits and documents, finalizing letters, and assisting with metadata review. **Cheryl A. Weaver**, a Senior Paralegal with the firm, performed 7.9 hours of work on this case for which Plaintiffs seek reimbursement. Ms. Weaver organized

9

team meetings, reviewed files, and reviewed billing and cost history. **Toni Murphy**, a Paralegal with the firm, performed 22.2 hours of work on this case for which Plaintiffs seek reimbursement. Ms. Murphy drafted coversheets, proposed orders, COS, TOC, and TOX and assisted in gathering exhibits and formatting documents. The itemized time entries for Ms. Rodriguez's, Ms. Weaver's, and Ms. Murphy's work are set forth in **Exhibit A** and are reasonable.

### 2. CML's Hourly Rates are Reasonable

CML was established by Mr. Console in 1990 and for 34 years has specialized in representing non-union employees in all aspects of workplace matters. Console Decl. ¶11. The firm is included among the Martindale-Hubbell Bar Register of Preeminent Lawyers, which is exclusive to AV Preeminent Attorneys – those who have achieved the highest possible peer review rating in both legal ability and ethical standards. *Id.* The firm has achieved a high level of success and a great demand for its services.

CML charges a reasonable hourly rate for its services. "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." *McGuffey,* 598 F. Supp. 2d at 669 (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). CML's current hourly rates as reflected in the billing entries (**Exhibits A** and **B**) and the lodestar chart are in line with prevailing markets rates. Specifically, the rates: (a) are the firm's usual and customary rates actually paid for by its hourly clients; (b) **have been approved in several other litigations, including earlier this year by Judge Slomsky in** *Meigs v. Care Providers Ins. Servs., LLC***, 2024 U.S. Dist. LEXIS 91 (E.D. Pa. Jan. 2, 2024)**; (c) in line with the rates for similar services by lawyers of reasonably comparable skill, experience and reputation; and (d) are attested to by Mr. Console as within prevailing market rates.

### a. CML's Requested Rates are the Firm's Usual and Customary Rates Actually Paid by the Firm's Hourly Clients.

The best evidence of a prevailing market rate is counsel's customary billing rate. E.g., *Mitchell v. City of Philadelphia*, 2010 U.S. Dist. LEXIS 32984, *40 (E.D. Pa. April 5, 2010) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); see also, e.g., *Student Pub. Interest Research Group*, 842 F.2d at 1447

("though not dispositive, the starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate").

The hourly rates for the attorneys at CML as reflected in the billing entries (**Exhibits A** and **B**) and summarized in the lodestar chart are the same as the regular rates charged for their services in non-contingent matters. Console Decl. ¶31. No upward adjustment in billing rate was made, notwithstanding the contingency and risk of the matters involved, the opposition encountered, and the delay in payment.[1] *Id*. The usual and customary hourly rates used in the calculation of CML's lodestar are the actual rates CML has used to bill the clients it represents on an hourly fee basis, and which have been paid by hourly clients. *Id*. That the rates requested are within the prevailing market is demonstrated by the fact that people within the Philadelphia area are willing to pay them.

### b. CML's Rates are in Line with the Prevailing Market Rates for Attorneys of Similar Experience, Skill, and Reputation

In considering prevailing market rates, "the district court should 'assess the experience and skill of the [] attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *McGuffey,* 598 F. Supp. 2d at 669 (quoting *Rode*, 892 F.2d at 1183).

The attorneys who performed the bulk of the legal services in this case – Mr. Console, Ms. Mattiacci, Ms. Saint-Antoine, and Evelyn Kallenbach – are experienced and talented practitioners of employment law who have earned stellar reputations for their excellent work. Each bills at a rate that lies within the prevailing market rates in the Philadelphia area for attorneys of similar experience, skill and reputation. Console Decl. ¶34.

---

[1] Under Third Circuit law, to account for the delay in compensation, a plaintiff is entitled to recover reasonable attorney's fees based on his attorney's current hourly rate at the time of the fee petition. *See, e.g., Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

**Mr. Console** worked on this case from its outset through today and seeks an hourly rate of $960 for services performed. Mr. Console is a 1982 graduate of Villanova Law School. *Id.* ¶3. He has been practicing law for nearly 40 years and has concentrated his practice for the last 32 years exclusively on employment law. *Id.* ¶5. He is an elected fellow of the College of Labor and Employment Lawyers (2008) and Martindale-Hubbell has recognized him as an "AV Rated" Attorney – the highest possible peer review rating in legal ability and ethical standards. *Id.* ¶6-7. From 1998 through 2000, Mr. Console was a member of the Executive Board of Directors of the National Employment Lawyers Association of New Jersey. *Id.* ¶8. He regularly speaks at seminars involving employment law and has done so for decades. *Id.* ¶9. Mr. Console has been recognized by his peers as a top practitioner. *Id.* ¶10. Without limitation: He was named as a leading attorney in the state of Pennsylvania in the area of plaintiff's employment and labor law in *Chambers USA: America's Leading Business Lawyers 2005-2006*, as one of the Best Lawyers in America (2008-2014) in the area of Labor and Employment Law in *Best Lawyers in America*, as one of the Best Lawyers in *The Best of the U.S.* (2008-2013), and as one of the Best Lawyers in America in *America's Who's Who.* Mr. Console was named the Best Lawyers' 2012 Philadelphia Employment Law – Individuals Lawyer of the Year. He was named to the "Top 100 Attorneys in Philadelphia" and "Top 100 Attorneys in Pennsylvania" by *Philadelphia Magazine* and *Philadelphia Super Lawyers Magazine* from 2008-2015. *Id.* Given his skill, experience, and formidable reputation, Mr. Console's requested hourly rate is reasonable.

**Ms. Mattiacci** seeks an hourly rate of $900 for services performed on this case. Ms. Mattiacci is a 2002 graduate of the Beasley School of Law at Temple University. Mattiacci Decl. ¶3. While at the Beasley School of Law, she clerked for the preeminent trial lawyer, James E. Beasley, Sr., and was a standout member of the National Trial Team, where she won several trial advocacy awards and honors, including the ATLA National Championship in Trial Advocacy. *Id.* ¶4. She has practiced law since 2002 and has for the last twenty years devoted her practice to the representation of employees. *Id.* ¶5. Ms. Mattiacci is CML's designated lead trial counsel for the firm's most significant cases.

At CML, Ms. Mattiacci has tried numerous jury trials. *Id*. ¶8. Two settled several days into trial. Thirteen were tried to verdict (eleven of which resulted in verdicts in favor of the plaintiff). She has prepared several other cases for trial, which were settled right after or shortly before jury selection. *Id.*

Ms. Mattiacci has been recognized by her peers as a top practitioner. *Id.* ¶13. She has also been recognized by members of the judiciary for her work, including but not limited to, being appointed to and serving on various committees. By way of example, she was recently appointed by Chief Judge Juan R. Sanchez to serve on the Lawyers' Advisory Committee for the amendments to Local Rules of the U.S. District Court for the Eastern District of Pennsylvania. *Id.* ¶12. She served for four years as an active member of the University of Pennsylvania's Inn of Court and has spoken at many national and local conferences on employment law. *Id*. ¶11. In addition, without limitation: She was named to the list of "Top 50 Female Attorneys in Pennsylvania" by *Philadelphia Magazine* and *Philadelphia Super Lawyers Magazine* 2014-2022, and to their list of "Top 100 Attorneys in Philadelphia" and "Top 100 Attorneys in Pennsylvania" in various years from in 2015-2022. *Id.* ¶13. She has been named to the Pennsylvania "Super Lawyers" list by *Philadelphia Magazine* and *Philadelphia Super Lawyers Magazine* every year since 2013. *Id.* She was named to the "*2011 Lawyers on the Fast Track*" by *The Legal Intelligencer*, a distinction given to only 27 lawyers under the age of 40. *Id.* Given her skill, experience, and track record of obtaining incredible results for CML clients, Ms. Mattiacci's requested hourly rate is reasonable and falls within the market rate. Console Decl. ¶34.

**Ms. Saint-Antoine** seeks an hourly rate of $860 for services performed on this case. Ms. Saint-Antoine is a 1989 graduate of Columbia Law School, practiced for several years in the litigation department of Morgan, Lewis & Bockius, has for the last 25+ years practiced exclusively in employment law. Saint-Antoine Decl. ¶3-6. Her requested rates have been approved in several cases in federal court, and her experience and expertise in pre-trial matters was recently praised by Judge Rice in an age discrimination case against AT&T. *Ray v. AT&T Mobility Servs., LLC*, No. 18-3303, 2022 U.S. Dist. LEXIS 73948, at *3 (E.D. Pa. Apr. 22, 2022).

**Ms. Kallenbach** seeks an hourly rate of $230 for services performed on this case. Ms. Kallenbach graduated from Georgetown University Law School in 2021 and has been an associate attorney at CML for nearly three years. Ms. Kallenbach's regular hourly rate is within the normal hourly schedule that CML has set and that has been approved by federal judges and arbitrators.

**Ms. Gurmankin** seeks an hourly rate of $620 for services performed on this case. Her outstanding credentials are set forth in her Declaration. An hourly rate of $410 was approved by the Court in *Middlebrooks*, supra, based on the CLS schedule. Moreover, Ms. Gurmankin's requested rate is consistent with the hourly rates for partners practicing employment and labor law in the Philadelphia area as reported in the 2021 Real Rate Report by Wolters Kluwer.

**Ms. Provorny** seeks an hourly rate of $115 for services performed on this case. Ms. Provorny graduated from Rutgers University Law School in 2022 and has been an associate attorney at CML for nearly one year. Ms. Provorny's regular hourly rate is within the normal hourly schedule that CML has set and that has been approved by federal judges and arbitrators.

### c. CML's Usual and Customary Rates Have Been Approved in Other Litigations

CML's usual and customary rates have been approved by arbitrators and courts in awarding fees to the firm. Console Decl. ¶32. For example, and without limitation:

<u>In January 2024, the Honorable Joel H. Slomsky awarded CML $427,816 in reasonable attorneys' fees and costs, including, in particular, the hourly rate of $960 for Mr. Console and $870 for Ms. Mattiacci</u>. *Meigs v. Care Providers Ins. Servs., LLC*, 2024 U.S. Dist. LEXIS 91 (E.D. Pa. Jan. 2, 2024). Judge Slomsky found that CMLs requested rates "adequately reflected the experience and credentials of Console and Mattiacci." *Id.* at *16. The Court further recognized CML's stellar reputation and expertise in the field of employment matters and stated, "[t]he skill and experience displayed by CML Lawyers in cases before this Court further support their requested rates". *Id.* at *17. Additionally, the

14

Court found that "considering the customary rates in the 2017 Survey and adjusting them for inflation over six years, Plaintiffs requested rates are reasonable. *Id.* at *16. *Meigs v. Care Providers Ins. Servs.*, LLC, No. 21-867, 2024 U.S. Dist. LEXIS 91, at *17 n.8 (E.D. Pa. Jan. 2, 2024).

In August 2023, defendant Starbucks Corporation did not object to CML's requested 2023 hourly rate in its fee petition in *Phillips v. Starbucks Corp.*, D.N.J., No. 19-cv-19423 (ECF 150 at 2-3). In *Phillips*, CML's requested attorneys' fees included an hourly rate of $960 for Mr. Console and $870 for Ms. Marriacci.

In 2022, CML submitted a fee petition after prevailing on two age discrimination claims against Defendant AT&T Mobility Services, LLC. U.S. District Judge Timothy Rice of the Eastern District of Pennsylvania praised the caliber of the firm's work. Judge Rice approved an hourly rate of $700 for Ms. Saint-Antoine based on the older version of the Community Legal Services schedule. *Ray v. AT&T Mobility Servs., LLC*, No. 18-3303, 2022 U.S. Dist. LEXIS 73948, at *3 (E.D. Pa. Apr. 22, 2022). The CLS fee schedule has since been updated to 2023 rates. (The 2023 fee schedule is attached hereto as **Exhibit H**.) The CLS 2023 fee schedule sets an hourly rate of $735-$850 for attorneys with more than 25 years of experience. Ms. Saint-Antoine has been practicing for approximately 30 years. If the 2023 CLS schedule were updated to reflect 2024 rates, her requested hourly rate of $860 would undoubtedly fall within it.

In October 2022, the Honorable Christine P. O'Hearn awarded CML $939,048 in reasonable attorneys' fees and costs (exclusive of the 40% contingency fee enhancement) including that of Mr. Console and Ms. Mattiacci, remarking that "the skills, ethics, and professionalism exhibited by all the attorneys on the plaintiff's side during this very long, very old case, was exceptional." *See Hightower v. Ingerman Management Company, et al.*, 17-cv-08025, ECF No. 400 (D.N.J. Oct. 25, 2022) (emphasis added). When discussing Ms. Mattiacci's rate, specifically, Judge O'Hearn stated: "the Court has to consider not only the level of experience but the quality of experience, the rate is not dictated or controlled simply by the years or number of experience. Rather it's the breadth of experience, the quality

15

of the experience of the attorney and the rate they can command as a usual and customary rate. Ms. Mattiacci, in the Court's opinion, displayed excellent trial skills, a command of the Rules of Procedure and Evidence, as well as, I think, a level of restraint and professionalism in this case that is unusual to face in federal court[]." *Id*. (emphasis added).

In October of 2021, the Honorable Wendy Beetlestone ordered the defendant to pay plaintiff CML's reasonable attorney's fees as a sanction in a discovery dispute. *Mammen v. Thomas Jefferson University, et al.*, 20-cv-127, ECF No. 74 (Oct. 13, 2021). Judge Beetlestone concluded that the "hourly rates charged by Plaintiff's attorneys [which were CML's usual and customary rates] are reasonable 'calculated according to prevailing market rates in the relevant community.'" *Id*. (quoting *Blum v. Stenson*, 463 U.S. 886, 895 (1984)). *Id*.

In October of 2020, the Honorable Nitza I. Quiñones Alejandro granted CML's joint motion for an Order approving settlement in an FLSA action in the matter of *Gasper v. Collective*, No. 19-2676, 2020 U.S. Dist. LEXIS 182617, at *18–19 (E.D. Pa. Oct. 2, 2020), based on the usual and customary hourly rates of CML attorneys. The motion was consented to by opposing counsel and approved by the Court, concluding that the CML attorney's requested hourly rate was "well within the range of what is reasonable and appropriate in this market." *See id.* at Dkt. No. 21.

### d. Mr. Console Attests that CML Rates are Within Prevailing Market Rates

Mr. Console has concentrated his practice on employment law for more than thirty-five years. Console Decl. ¶5. He is familiar with the rates charged by other attorneys with backgrounds similar to his, as well as to the attorneys within CML who worked on this matter. Id. ¶34. He has attested that based on his personal knowledge, the rates that were utilized by CML in calculating its lodestar in this case are within the prevailing market rates for similar work performed by attorneys of comparable skills and experience. *Id.*

Mr. Console's Declaration should be considered in the Court's evaluation of prevailing market rates. *See, e.g., I.W. v. School District,* 2016 U.S. Dist. LEXIS 4441 at*18-19 (court considered in full the declarations submitted by the plaintiffs' attorneys, including their assertions as to prevailing market rates in the community).

### 3. CML's Lodestar Calculation, Based on Reasonable Hours and Reasonable Rates, is a Reasonable Attorneys' Fee Award

When an applicant for a fee has demonstrated that the claimed rate and hours are reasonable, the resulting product (the lodestar) may be presumed to be the reasonable fee to which counsel is entitled. *See, e.g., McGuffy,* 598 F. Supp. 2d at 668.

As demonstrated above, CML has calculated its lodestar based on reasonable hourly rates for hours reasonably expended. Accordingly, $644,212 is a reasonable attorneys' fee and should be awarded to Plaintiff pursuant to the Court's order under Rule 37(e)(1) and Rule 37(b)(2)(C).

### 4. Plaintiffs' Costs Incurred in Conjunction with Defendant's Sanctioned Conduct are Reasonable.

Plaintiffs are seeking $434.64 in Expenses. The out-of-pocket costs and expenses incurred and paid by CML in connection with this litigation were reflected in the books and records of the firm. These books and records were prepared from records that were regularly maintained by the firm in the ordinary course of business and accurately reflect the costs and expenses incurred. A printout of the detailed and individualized record of costs and expenses is attached as **Exhibit I** to Plaintiff's Petition.

## III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed Order submitted herewith and award to Plaintiff $644,212.00 for reasonable attorneys' fees for services performed, and $434.64 for reasonable costs incurred in connections with the Motion for Sanctions.

                                                                     Respectfully submitted,

                                              **CONSOLE MATTIACCI LAW, LLC**
                                              <u>/s/ Madison Provorny</u>
                                              Stephen G. Console
                                              Laura C. Mattiacci
                                              Susan M. Saint-Antoine
                                              Caren N. Gurmankin
                                              Evelyn Kallenbach
                                              Madison Provorny
                                              1525 Locust Street, 9th Fl.
                                              Philadelphia, PA 19102
                                              (215) 545-7676 (phone)
                                              (215) 545-8211 (fax)

                                              Attorneys for Named Plaintiffs,
                                              Frank Donofrio, Brandon Paine and William Antonelli
                                              (*on behalf of themselves individually and on behalf of those similarly situated*)

June 3, 2024