**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA US RETAIL, LLC,<br>Defendant. | CIVIL ACTION NO. 18-599-AB |
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION NO. 19-1286-AB |
| BRANDON PAINE, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION NO. 19-723-AB |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO USE OF THE "PATTERN OR PRACTICE" METHOD
FOR PROVING ADEA DISPARATE TREATMENT CLAIMS
*DONOFRIO* ECF 385; *ANTONELLI* ECF 307; *PAINE* ECF 335**

Plaintiffs' opposition brief is replete with emotional appeals, straw men, and distinctions without a difference. What Plaintiffs' brief does not contain is any refutation of the straightforward

legal argument that IKEA made in its opening brief. IKEA showed that no Plaintiff can use the *Teamsters* method to show that their failure to be promoted was because of age discrimination.

•The ADEA prohibits shifting the burden of persuasion in an intentional age discrimination case from the employee to the employer. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Smith v. City of Allentown*, 589 F.3d 684 (3d Cir. 2009).

•Under the *Teamsters* method of proof, the burden of persuasion shifts to the employer, such that it can avoid liability for discriminating against an employee member of a class or collective action only by proving it *did not* intentionally discriminate against him with regard to his alleged adverse employment action. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977).

•Therefore, the ADEA prohibits the use of the *Teamsters* method to prove intentional discrimination against, and liability to, any employee for any promotion decision.

Plaintiffs do not dispute that the Supreme Court held the ADEA prohibits shifting the burden such that an employer must disprove allegations it intentionally discriminated against an employee. Plaintiffs do not dispute that the *Teamsters* method indeed shifts the burden to the employer to disprove that it discriminated against the employee. Instead, without identifying a single flaw in the legal logic, Plaintiffs simply refuse to recognize the conclusion that they cannot prove intentional discrimination against any of them by using the *Teamsters* method.

Plaintiffs' opposition makes several efforts to avoid the consequence of the ADEA and *Gross*. None of them has merit.[1]

---

[1] If the Court decertifies the collective actions, the issue presented here becomes moot.

First, as if they were arguing to a jury, Plaintiffs pander to emotion by suggesting that applying *Gross* to them would give IKEA "a pass on unlawful age discrimination." Applying the statute as written by Congress and interpreted by the Supreme Court is not giving IKEA "a pass." The statute places on Plaintiffs the burden of proving "but for" discrimination. It does not give IKEA "a pass" to require Plaintiffs to prove what the statute requires them to prove. If Plaintiffs have evidence that any of them would have received a promotion but for intentional age discrimination, *Gross* leaves them free to present it. What Plaintiffs cannot do is *force IKEA to disprove* that age caused denial of a promotion.

Second, Plaintiffs make the beside-the-point distinction that the Supreme Court's holding in *Gross*—that the ADEA prohibits shifting to the employer the burden to disprove discrimination against an employee—occurred in the context of rejecting the *Price Waterhouse* method of proof. That is true enough, and IKEA itself noted the distinction in its opening brief. Yet, Plaintiffs fail to explain why the Supreme Court's rejection of one burden-shifting method of proof (the one the Supreme Court described in *Price Waterhouse*) does not also legally and logically prohibit application of yet another Supreme Court-created method of proof—*i.e.*, the one it described in *Teamsters*. In *Gross*, the Supreme Court analyzed the ADEA, and held that the statutory language prohibits shifting to the employer the burden of disproving it discriminated against the employee.

Indeed, the Supreme Court did not limit its holding in *Gross* to rejecting burden-shifting of the *Price Waterhouse* type. Its holding was bold and broad: "[W]e hold that ADEA plaintiffs retain the burden of persuasion to prove all disparate treatment-claims." 557 U.S. at 178 n.4. And if any doubt remained, the Supreme Court dispelled it: "[N]othing in the statute's text indicates that Congress has carved out an exception to that rule for a subset of ADEA cases." *Id.* at 177. The Third Circuit also understands the broad holding of *Gross*: "*Gross* stands for the proposition that

it is improper to shift the burden of persuasion to the defendant in an age discrimination case." *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009). Similarly, "*Gross* held that, because the Age Discrimination in Employment Act . . . outlaws discrimination 'because of an individual's age,' the burden of persuasion may not shift to the employer." *Warshaw v. Concentra Health Servs*., 719 F. Supp. 2d 484, 502 (E.D. Pa. 2010) (Pollak, J.). IKEA made the same point in its opening brief, but Plaintiffs' brief failed to refute it.

Third, Plaintiffs play word games with the term "discrimination," and attempt to conflate a pattern of "discrimination" with "liability" to an employee for "discrimination" against them. Plaintiffs suggest that because *Teamsters* places on them the initial burden of showing a pattern of "discrimination," it somehow does not shift to Defendants the burden of disproving "discrimination" —*i.e.*, "liability"—for a particular promotion decision. But that is demonstrably faulty reasoning. *Teamsters* unquestionably *does* shift to the employer the burden of disproving liability to the particular plaintiff—*i.e.*, that discrimination caused that plaintiff's failure to be promoted. To avoid liability to any individual employee, "the burden then rests on the employer to demonstrate that the individual . . . was [treated adversely] for lawful reasons." *Teamsters*, 431 U.S. at 362. *See also Mueller v. CBS, Inc*., No. 99-1310, 2002 WL 35669766, at *5 (W.D. Pa. Dec. 9, 2002).

In fact, Plaintiffs' argument only reinforces the similarity of *Teamsters* and *Price Waterhouse* burden-shifting (and thus reinforces the applicability of *Gross* to *Teamsters*). Yes, under the *Teamsters* method (which IKEA described in its opening brief), a plaintiff has the initial burden of providing statistical evidence that reflects a standard operating procedure of discrimination. But so too do plaintiffs under the *Price Waterhouse* method have an initial burden of proving discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244 (1989). Yet, neither

*Teamsters* nor *Price Waterhouse* imposes discrimination liability for any particular employment decision at that point. Instead, under both methods of proof, the burden of persuasion then shifts to the employer to avoid liability for discrimination against a particular employee. *Id*. at 244-45. It is this kind of burden-shifting that the Supreme Court held violates the ADEA. The statute requires that, before liability to any employee may be imposed, the employee must show that age discrimination was the but-for cause of job action about which the employee complains.

Indeed, Plaintiffs' argument regarding "discrimination" is even weaker than that of the failed plaintiff in *Gross*. Under the *Price Waterhouse* method, the burden shifts to the employer only after the employee has demonstrated that discrimination actually "played a motivating part" in the job action he complains about. 490 U.S. at 244. Under *Teamsters*, the burden shifts before any plaintiff has shown discrimination played any part in the decision he complains about. If the actual showing of individual discrimination under *Price Waterhouse* does not overcome the ADEA's requirement for proof of but-for causation, then certainly the non-showing of individual discrimination does not. IKEA pointed all this out in its opening brief, and Plaintiffs' brief failed to refute it.

Fourth, Plaintiff makes the irrelevant observation that this case is still at the first stage of the *Teamsters* framework. That also is true, but beside the point. Plaintiffs fail to explain why that observation defeats summary judgment. It does not. Indeed, "a party may move for summary judgment at any time," and "the more . . . the question presented is purely one of law, . . . the more likely the issue is to be ripe." *Sullivan v. Borough of Atl. Highlands*, No. 19-19510, 2022 WL 980684, at *3 (D.N.J. Mar. 31, 2022). Because the *Teamsters* method is a legal dead end for purposes of proving any employee's failure to be promoted resulted from intentional age discrimination, there is no point continuing to proceed down that path.

Fifth, Plaintiffs note that *Gross* does not address ADEA §4(a)(2). That is true, but it is hardly an argument against applying *Gross* to Plaintiffs' §4(a)(1) claim—*i.e.*, the claim at issue for summary judgment. It is §4(a)(1) that addresses Plaintiffs' disparate treatment (intentional discrimination) claim. *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 69 (3d Cir. 2017). Section 4(a)(2) addresses disparate impact claims. *Id*.

Sixth, rather than refute the argument of IKEA with any reasoning or analysis, Plaintiffs attempt to rely on a few out-of-circuit opinions. But those opinions similarly contain no analysis or reasoning, and thus are of neither precedential nor persuasive value. *See Parks v. "Mr. Ford," d/b/a Ford's Speed Shop*, 556 F.2d 132, 140 n.11 (3d Cir. 1977) ("More importantly, none of those cases contains any analysis of the question."); *Kahn v. Penn. Nat'l Mut. Cas. Ins. Co.*, 517 F. Supp. 3d 315, 326 (M.D. Pa. 2021). Indeed, Plaintiffs tacitly admit that their reliance on *Thompson v. Weyerhauser*, 582 F.3d 1125 (10th Cir. 2009) is fatally flawed. Although IKEA explained in its opening brief why and how the case is incorrect, Plaintiffs fail to address that explanation or otherwise defend *Thompson*, and thus concede the point of IKEA. *See Lee v. Park*, 720 F. App'x 663, 666 (3d Cir. 2017) ("[F]ailure to respond to the pertinent opposition-brief argument acts as a concession of that argument."); *Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 522 (W.D. Pa. 2021) ("A party that fails to address an argument in its brief in opposition to a motion for summary judgment waives that argument.").

Plaintiffs' other cited authority similarly fails as persuasive authority for their position. In fact, in *EEOC v. Darden Restaurants, Inc.*, 143 F. Supp. 3d 1274 (S.D. Fla. 2015), the district court actually recognized that the employer's *Gross*-based argument "is not baseless" and that "*Gross* applied statutory-interpretation analysis that is consistent with Defendant's current position," but felt obligated to follow *Thompson* (and pre-*Gross* cases). *Id.* at 1282. The district court in *Peterson*

*v. Seagate U.S. LLC*, No. 07-2502, 2010 WL 5924322 (D. Minn. Dec. 28, 2010) did not address one way or the other whether the *Teamsters* method survived *Gross*, but simply noted that an individual claimant may also use statistical evidence. In *Heath v. Google, LLC*, 345 F. Supp. 3d 1152, 1168 (N.D. Cal. 2018) the district court simply cited *Thompson* and otherwise noted that Google had only made the *Gross*-based "argument in passing." IKEA has done much more than that. IKEA has presented a legal and logical argument that demonstrates the Supreme Court's decision in *Gross* precludes burden-shifting, and thus precludes using burden-shifting proof methods like *Teamsters* as a means of showing that an employment decision violates the ADEA.

Seventh, Plaintiffs briefly but brazenly mischaracterize the Third Circuit's decision in *Williams v. Tech Mahindra*, 70 F.4th 646 (3d Cir. 2023). That decision in a Section 1981 case did not mention *Gross*, much less analyze whether the *Teamsters* method can be used to prove that any adverse employment decision was discriminatory. Moreover, *Williams* says nothing about the key issue raised by IKEA here—the incompatibility of *Gross* and the ADEA with the shifting burden of persuasion needed to establish liability for a discriminatory decision under *Teamsters*. Indeed, *Williams* was not a summary judgment case at all, but a motion to dismiss case where the analysis depends on the rule that a complaint survives a motion to dismiss where it alleges a "prima facie case." *Id*. at 652. Thus, *Williams* does not fit here because a *Teamsters*' "prima facie case" consists only of the first stage of the method, which even *Williams* acknowledges does not address the question of proving discrimination against, or liability to, any particular employee. *Id.* at 652. *See also Teamsters*, 431 U.S. at 336-38. It is the second stage of a *Teamsters*' case that addresses whether a particular employment decisions was discriminatory, and it is that second stage that utilizes the burden-shifting forbidden in ADEA cases. *Teamsters*, 431 U.S. at 362; *Mueller*, 2002 WL 35669766, at *6.

Eighth, Plaintiffs conclude by suggesting that, upon this Court's finding that *Gross* precludes their use of the *Teamsters* method in this ADEA case, the Court nonetheless should refuse to enter summary judgment in favor of Defendants. That makes no sense, and Plaintiffs have ignored two key points. Summary judgment is appropriate to address legal issues, such as the viability of a legal theory. *Klecha v. Bear*, 712 F.Supp. 44, 45 (M.D. Pa. 1989). Second, IKEA asserted in its summary judgment motion that it was entitled to summary judgment because Plaintiffs cannot use the *Teamsters* method to prove that any of the promotion decisions of IKEA resulted from age discrimination. If Plaintiffs have a different way of proving that a particular IKEA promotion decision was discriminatory, they failed to provide either the method or the evidence to support it. Instead, Plaintiffs merely suggest there is some significance to the fact this Court has not yet made any finding Plaintiffs provided insufficient evidence to support their claims. Plaintiffs ignore that this is exactly what the Court can do now, entering summary judgment against Plaintiffs because they have failed to provide sufficient evidence to support their claims under any viable method. But at the very least, the Court can rule, as a matter of law, that *Teamsters* is not a viable method for Plaintiffs to establish that IKEA is liable to any Plaintiff for discriminatorily refusing to promote him because of age.

Date: July 24, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

*/s/ Brandon R. Sher*
Paul Lancaster Adams, Esq.
Brandon R. Sher, Esq.
Jennifer G. Betts, Esq.
Emily Santoro, Esq.
Chris R. Pace, Esq. (*pro hac vice*)
John G. Stretton, Esq. (*pro hac vice*)
David L. Schenberg (*pro hac vice*)
1735 Market Street, Suite 3000

Philadelphia, PA, 19103
(215) 995-2840
pladams@ogletree.com
brandon.sher@ogletree.com
jenn.betts@ogletree.com
emily.santoro@ogletree.com
chris.pace@ogletree.com
john.stretton@ogletree.com
david.schenberg@ogletree.com

*Attorneys for Defendants*