**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION<br>NO. 19-1286-AB |
| BRANDON PAINE, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | CIVIL ACTION<br>NO. 19-723-AB |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY AND REPORTS OF PLAINTIFFS' PROFFERED EXPERT WITNESS**
***PAINE* ECF 338; *ANTONELLI* ECF 309**

## I. INTRODUCTION

This Court conditionally certified collectives in these cases compromised of IKEA store employees who "applied" and were "rejected for" a promotion during the relevant class periods. The Court did *not* conditionally certify a collective of all employees over 40, regardless of whether they ever applied for a promotion. *Paine* ECF 45; *Antonelli* ECF 36. But Plaintiffs' proffered expert ignored the Court's Order certifying these cases, just as the Plaintiffs, in their opposition to Defendants' motion to exclude the testimony of Dr. Neumark, do not address the central reason that Dr. Neumark's opinions should be excluded: he failed to ask a single question about how

IKEA actually makes promotion decisions and instead constructed a fictional world in which 100% of IKEA employees are candidates for 100% of promotions. Dr. Neumark then issued opinions premised upon that notion that employees who never sought promotion, and hence were never rejected for promotion, nevertheless "failed" to be promoted during the period he studied. Because he simply ignored the **uncontested** facts in these cases and the Court's own certification order, Dr. Neumark's opinions do not "fit" the issues or the facts of these cases. The Court should exclude Dr. Neumark's opinions.[1]

## I. ARGUMENT

### A. Plaintiffs Do Not, And Could Not, Contest The Requirements That Their Expert's Opinions Fit the Facts Of These Cases.

Plaintiffs acknowledge that an expert's opinion must be excluded if it lacks a "sufficient factual predicate[]" to the case. *Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 642 (3d Cir. 1987). *See also E.E.O.C. v. Bloomberg L.P.*, No. 07-8383, 2010 WL 3466370, at *5-*6 (S.D.N.Y. Aug. 31, 2010). An expert cannot simply *assume* facts; there must be support for the expert's assumptions in the record. *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, 358 F. App'x 643, 654 (6th Cir. 2009). But Dr. Neumark *did* assume facts, speculating—against the uncontested evidence—that all IKEA employees were candidates for all promotions, regardless of whether they applied. The Court should exclude Dr. Neumark's opinions because they do not fit the facts of these cases.

[1] Plaintiffs argue that "not a single outstanding dispositive motion from either party hinges on the admissibility of Dr. Neumark's report or testimony" (ECF 397 at 4). Yet, in Paine's and Antonelli's Opposition to Defendants' Motion for Summary Judgment, Plaintiffs argue their expert has concluded "that IKEA discriminated against older retail workers in the United States, based on their age." *Paine* ECF 353 at 16; *Antonelli* ECF 324 at 17.

**B. Dr. Neumark's Opinions Should Be Excluded Because They Are Not Based On The Uncontested Facts Of These Cases.**

Plaintiffs largely ignore the central premise of Defendants' motion to exclude Dr. Neumark's testimony: Dr. Neumark did not base his opinions on the actual facts of these cases, and he disregarded the Court's definition of the collective as those individuals who applied and were rejected for a promotion. In their opposition, Plaintiffs do not contest that promotion decisions are made by individual hiring managers among those who apply for the job in question. *See* ECF 386-2 at 5. They do not contest that not all employees are interested in a promotion, *id.* at 6, that many employees are unwilling to move for a promotion, *id.* at 6-7, or that employees must apply separately for each position they seek. *Id.* at 7-8. Plaintiffs also do not contest that, despite the undisputed evidence, Dr. Neumark assumes everyone wants to be promoted, *id.* at 11, he assumes that employees need not apply for each job they seek, *id.* at 11-12, and he assumes that there is a single, national pool of promotion candidates (not individual pools from which hiring managers select candidates). *Id.* at 13-14. In other words, Plaintiffs implicitly admit that their proffered expert made assumptions that are, in many cases, the *opposite* of how promotion decisions are actually made at IKEA. Dr. Neumark's opinions do not fit with the facts of these cases and should be excluded.

Plaintiffs' only explanation for their expert's decision to disregard the actual facts of these cases is that they assert a "company wide . . . pattern of discrimination" and that his opinions are, therefore, relevant. However, Defendants' challenge to Dr. Neumark's opinion is not premised upon his failure to confine himself to particular hiring decisions, it is that he wholly ignored how *any* hiring decisions were—undisputedly—made at IKEA. Despite the Court's conditional certification order limiting putative class members to those who sought and were rejected for

promotion, Dr. Neumark assumed that all employees were candidates for promotion when 72% of employees never sought, and hence could never be rejected for, a promotion.

This is not, as Plaintiffs claim, a question of whether it is appropriate to aggregate promotion decisions. *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110 (S.D.N.Y. 2015), which Plaintiffs cite in support of Dr. Neumark's decision to ignore key case facts, actually supports Defendant's motion. *Chen-Oster* was a Rule 23 case in which ***all*** women were deemed members of the putative class. In that case, there was no dispute that all women were subject to the same performance evaluation mechanisms of "quartiling" and "360 reviews" that the plaintiffs challenged, so the court in that case found that a company-wide analysis was appropriate. 114 F. Supp. 3d at 120. In these cases, though, the opposite is true. Here, there is no dispute that only those employees who sought promotion were considered for promotion, but Dr. Neumark constructed his analyses to include the 72% of employees who never sought a promotion. In *Chen-Oster,* the expert's analysis of all employees was admissible because the evaluation processes Plaintiffs challenged applied to all women.

Here, Dr. Neumark's analysis of all employees is *inadmissible* because the overwhelming majority of those employees did not seek promotion and hence were not "subject" to the promotion process. This is not simply a "weight" issue or a "battle of the experts". A statistical regression analysis that includes an assessment that was ***not*** used by the actual decision makers involved in the alleged adverse employment actions—here, adverse promotion decisions—must be excluded.

*Hill v. Seaboard Coast Line R.R. Co.*, 767 F.2d 771, 776 (11th Cir. 1985); *Multimatic, Inc.*, 358 F. App'x at 655 (flaws only go to weight if non-speculative basis in fact).[2]

## III. CONCLUSION

Dr. Neumark ignored the Court's certification order and the uncontested facts regarding how promotion decisions were made. Instead, he simply manufactured a decision-making process that, undisputedly, does not exist, then proceeded to offer opinions regarding this non-existent process. Because Dr. Neumark's opinions do not fit the facts of these cases, the Court should exclude his opinions.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, PC.**

*/s/ Brandon R. Sher*
Paul Lancaster Adams, Esq.
Brandon R. Sher, Esq.
Jennifer G. Betts, Esq.
Chris R. Pace, Esq. (Admitted *Pro Hac Vice*)
John G. Stretton, Esq. (Admitted *Pro Hac Vice*)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
pladams@ogletree.com
brandon.sher@ogletree.com
jenn.betts@ogletree.com
chris.pace@ogletree.com
john.stretton@ogletree.com

Date: July 24, 2024

*Attorneys for Defendants*

---

[2] Nor does Plaintiffs' assertion that Dr. Neumark added controls to his analyses for whether someone *ever* applied and whether they indicated that they were willing to relocate for the right position somehow cure his failure to ignore how decisions are made at IKEA. Adding a control simply induces an averaging effect, it does not produce information that shows how, or whether, age has an impact on promotion rates any particular IKEA store. ECF 386-2 at 20. Additionally, the experts whose opinions were stricken or disregarded in each of the following cases each added controls to their analyses, but that did not cause the court to credit or admit their opinions. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 356-57 (2011); *Bolden v. Walsh Constr. Co.,* 688 F.3d 893, 896 (7th Cir. 2012); *Abram v. United Parcel Serv.*, 200 F.R.D. 424, 431 (E.D. Wis. 2001). In their Opposition, Plaintiffs make no attempt to distinguish this authority.