**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br><br>v.<br><br>IKEA US RETAIL, LLC,<br>Defendant. | : | CIVIL ACTION<br>NO. 18-599-AB |
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br><br>v.<br><br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | : | CIVIL ACTION<br>NO. 19-1286-AB |
| BRANDON PAINE, on behalf of himself individually and on behalf of those similarly situated,<br>Plaintiff,<br><br>v.<br><br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br>Defendants. | : | CIVIL ACTION<br>NO. 19-723-AB |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF TAKING DEPOSITIONS**

This Court already considered and rejected Plaintiffs' proposal to re-open discovery/depositions many months ago. Indeed, at the January 29, 2024 Hearing, the Court asked Plaintiffs' counsel these questions:

```
Q    All right.  Now suppose that I gave you a time now to take the depositions.  How are you hurt by it, if I gave you time now and I simply said that defense is to reimburse you for these follow-up depositions?
```

*Donofrio* ECF 364, January 29, 2024 Tr. at 52:14-17.

```
Q    All right.  But I want to know between 6/21/23 and 9/11/23, and this is when you took the depositions, how the depositions would have been different.
```

*Id.* at 54:6-8.

```
Q    So if I said to you that you at this point can re-examine all those people and defendant will have to pay for it, that would not be sufficient to you?
```

*Id.* at 54:23-25.

```
Q    Well, there's no question you're taking the depositions again may be the easiest.  But what else -- are you telling me it would have been much different, the whole thing would have been -- I want to know what would have been different.  That's -- I'll give you time to talk to your lawyer about it and step down and I'll take a few minutes.
     But I mean this is a $64,000 question.  Is it going to be just taking a few depositions that they're going to have to pay you for or are they going to have to pay you because everything would be so different?
```

*Id.* at 59:21-60:5. Despite this exchange, in its May 6, 2024 Order, the Court imposed sanctions, which did ***not*** include reopening discovery or any depositions. To the contrary, in the same Order, the Court set an amended dispositive motion deadline of June 3, 2024.

In defiance of the Court's decision not to re-open discovery/depositions, Plaintiffs now attempt to circumvent the functional equivalent of *res judicata* by seeking leave to reopen discovery and conduct eight depositions. Plaintiffs' request, however, is too late. It comes 371 days after the close of discovery, nine months after receiving the documents Plaintiffs claim necessitate the discovery, and following the full briefing of nine motions for summary judgment, three motions for final certification, and three motions for decertification. While Plaintiffs contend these depositions are necessary for Plaintiffs to prepare for trial, Plaintiffs fail to acknowledge such discovery could be completely mooted by the motions pending and never address why such discovery could not take place after the Court rules on these motions. There is no good cause to grant Plaintiffs' belated request for this additional discovery.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The untimeliness of Plaintiffs' Motion is demonstrated by even a cursory review of the timeline of relevant events:

| **Date** | **Event** |
|---|---|
| December 12, 2023 | IKEA produces additional ESI documents |
| December 20, 2023 | Day 1 of Evidentiary Hearing |
| January 29, 2024 | Day 2 of Evidentiary Hearing |
| May 6, 2024 | The Court grants Plaintiffs' Motion for Sanctions, orders Plaintiffs to file a fee petition, and sets June 3, 2024 deadline for dispositive motions. (Plaintiffs never object to or move to extend the June 3, 2024 deadline.) |
| May 9, 2024 | Plaintiffs inquire about reopening the depositions of Sari Brody, Nabeela Ixtabalan, Kirstie Olafsson, Simon Lowes, and Jacqueline DeChamps, as well as taking depositions of Ulrika Biesert, Petra Hesser, and Lars Petersson. (*Donofrio* ECF 420-6, at Ex. C.) |

| | |
|---|---|
| May 15, 2024 | IKEA responds that discovery is closed and the Court's May 6, 2024 Order did not reopen discovery. (*Donofrio* ECF 420-6, at Ex. D.) |
| May 16, 2024 | Plaintiffs respond with a letter further addressing continued and new depositions. (*Donofrio* ECF 420-6, at Ex. E.) |
| May 22, 2024 | IKEA responds that if Plaintiffs believe they require additional depositions, they should move to reopen discovery. (*Donofrio* ECF 420-6, at Ex. F.) |
| June 3, 2024 | Plaintiffs file nine motions across each collective action: motions for attorneys' fees, motions for partial summary judgment and equitable relief, and motions for final certification.<br>IKEA files twelve motions across each collective action: motions for decertification, motions for summary judgment, motions for partial summary judgment as to "pattern and practice", and motions to exclude Plaintiffs' expert witness. |
| July 22, 2024 | The Court issues an Order granting Plaintiffs an award of attorneys' fees. |
| September 6, 2024 | Plaintiffs move to reopen discovery and seek additional depositions. |

Discovery in this matter has long been closed. Specifically, discovery on these collective actions ended on September 1, 2023. *Donofrio* ECF 310. Four months before the close of discovery, Plaintiffs moved for sanctions on May 4, 2023. As part of its response to that motion, IKEA initiated a global search for additional ESI from every existing email account at IKEA from as early as January 1, 2014, which yielded 97,087 documents. *See Donofrio* ECF 323 at 3 n.1. On June 21, 2023, IKEA informed Plaintiffs it had conducted this search and would review those documents for a voluntary, additional production. *Id.* Despite this knowledge, Plaintiffs proceeded with the depositions of Sari Brody, Nabeela Ixtabalan, Kirstie Olafsson, Simon Lowes, and Jacqueline DeChamps throughout July and August 2023. *Donofrio* ECF 364 at 12:21-13:24, 62:18-21; Ex. A, Lowes Dep. Each deposition lasted the full (or close to) seven hours permitted under the Federal Rules of Civil Procedure, and Plaintiffs' counsel never requested they be kept open. *See* Ex B, Ixtabalan Dep. at 2:5, 285:12; Ex. C, DeChamps Dep. at 2:5, 342:24; Ex. A,

Lowes Dep. at 3:8, 377:12-13; Ex. D, Olafsson Dep. at 2:5, 198:15-16; Ex. E, Brody Dep. at 2:6, 312:11-12.

On December 12, 2023, IKEA produced an additional 830 documents from its global ESI search. After the evidentiary hearing held on December 20, 2023 and January 30, 2024, the Court issued a Memorandum and an Order on May 6, 2024, on Plaintiffs' Motion for Sanctions. *Donofrio* ECF 378, 379. In its May 6, 2024 Order, the relief ordered by the Court included: (1) establishing "for purposes of second stage certification, that IKEA had in place a common employer practice, or standard operating procedure, to which its U.S. retail employees were subject, of favoring younger employees for leadership development and management level positions"; (2) attorneys' fees and costs to Plaintiffs; and (3) a deadline of June 3, 2024, to file all dispositive motions. *Donofrio* ECF 379. The Court did ***not*** order discovery be reopened or that Plaintiffs could take additional depositions.

Consistent with the Court's dispositive motion deadline, the parties filed numerous motions on June 3, 2024, all of which are fully briefed and ripe for ruling:

- Plaintiffs filed six motions on June 3, 2024: motions for partial summary judgment and equitable relief in each collective action (*Donofrio* ECF 388; *Antonelli* ECF 310; *Paine* ECF 339) and motions for final certification in each collective action (*Donofrio* ECF 389; *Antonelli* ECF 311; *Paine* ECF 340).

- IKEA filed twelve motions: motions for summary judgment in each of the collective actions (*Donofrio* ECF 384; *Antonelli* ECF 305; *Paine* ECF 336); motions for partial summary judgment on the pattern and practice disparate treatment claims in each of the collective actions (*Donofrio* ECF 385; *Antonelli* ECF 307; *Paine* ECF 335); motions for decertification in each of the collective actions (*Donofrio* ECF 383; *Antonelli* ECF 306; *Paine* ECF 334); and motions to exclude Plaintiffs' expert witness in each of the collective actions (*Donofrio* ECF 386; *Antonelli* ECF 309; *Paine* ECF 338).

Now, four months after the Court issued its May 6, 2024 Order; nine months after IKEA produced the additional 830 documents; and over one year after the close of discovery, Plaintiffs

seek to reopen discovery to take a second deposition of five witnesses they already deposed (most for seven hours), and also three additional individuals. Plaintiffs cannot demonstrate the "good cause" required for their severely delayed request, and the Court should deny their motion for leave to reopen discovery for additional depositions.

## II. LEGAL ARGUMENT

### A. <u>The Court Should Reject Plaintiffs' Attempt to Circumvent the Court's Prior Ruling.</u>

After a two-day evidentiary hearing and extensive briefing, the Court issued its May 6, 2024 Order relating to Plaintiffs' Motion for Sanctions. At the hearing, the Court elicited testimony from Plaintiffs' counsel regarding the benefit, if any, of taking depositions; however, the Court ultimately decided against it and instead issued other sanctions and set a new dispositive motion deadline. *Donofrio* ECF 379.

Three days later, Plaintiffs' counsel requested dates from IKEA for the deposition of eight witnesses (only one who is still employed by IKEA)[1]. In response, IKEA informed Plaintiffs' counsel that the Court's May 6, 2024 Order did ***not*** reopen discovery as evidenced by the new dispositive motion deadline, and thus Plaintiffs' request was inappropriate. Moreover, in a May 22, 2024 letter to Plaintiffs' counsel, IKEA reiterated that the Court's Order did ***not*** reopen discovery, and, if Plaintiffs thought that was an oversight, they can always move to clarify the Court's Order. *Donofrio* ECF 420-6 at Ex. F. Plaintiffs never moved for such clarification. IKEA also noted that if Plaintiffs believed they required additional discovery, they should move the Court

---

[1] Plaintiffs erroneously argue that IKEA agreed to Plaintiffs taking additional depositions during the evidentiary hearing. First, IKEA only agreed to Nabeela Ixtabalan being deposed again **as a resolution** to avoid the second day of the hearing, which Plaintiffs rejected. *See Donofrio* ECF 364, 97:17-98:2. Similarly, in its briefing, as a resolution to the Motion for Sanctions, IKEA offered Plaintiffs the ability to reopen discovery to "remedy their strategic error" (of proceeding with the depositions despite knowing IKEA would be producing supplemental ESI). Plaintiffs never accepted this offer and instead permitted dispositive motion and decertification briefing to proceed.

to reopen discovery and IKEA would respond accordingly. Even so, Plaintiffs waited ***four months*** after that letter and also ***after*** all dispositive motions were fully briefed to seek these depositions. Plaintiffs' Motion is nothing more than an untimely, second bite at the apple and should be swiftly rejected by the Court.

**B. <u>Plaintiffs Have Failed to Show Good Cause and Discovery Should Remain Closed.</u>**

Not only has this issue already been ruled on by the Court, Plaintiffs cannot demonstrate the requisite good cause to reopen discovery. Under Federal Rule of Civil Procedure 16(b), the Court's schedule "may be modified only for good cause and with the judge's consent." *Martin v. Buono*, No. 20-3715, 2021 WL 1424711, at *3 (E.D. Pa. Apr. 15, 2021) (quoting Fed. R. Civ. P. 16(b)(4)). Whether to reopen discovery is left to the district court's discretion. *Krist v. Scholastic, Inc.*, No. 16-6251, 2019 WL 9809627, at *3 (E.D. Pa. Jan. 31, 2019). "A critical factor in the Rule 16 'good cause' analysis is 'the diligence of the party seeking the extension.'" *Martin*, at *3 (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment); *Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence.").

When considering diligence, "the party seeking an extension should show that more diligent pursuit was impossible." *Trask v. Olin Corp.*, 298 F.R.D. 244, 268 (W.D. Pa. 2014). Other factors courts consider when determining whether good cause exists are the potential prejudice caused by the discovery extension and "any other factors the trial court, in its discretion, deems to be relevant." *Krist*, 2019 WL 9809627, at *2.

The primary factors to be considered by this Court—diligence and prejudice—both weigh against re-opening discovery.

**1. Plaintiffs' Motion is Untimely and Will Cause Further Delays.**

Discovery closed on September 1, 2023. Before the close of discovery, IKEA notified Plaintiffs that it was performing a global search for additional responsive documents; yet, Plaintiffs did not ask the Court to reopen or extend discovery. On December 12, 2023, IKEA produced an additional 830 ESI documents. Plaintiffs did not ask the Court to reopen discovery. On May 6, 2024, the Court ordered a deadline of June 3, 2024 to file all dispositive motions. Plaintiffs did not ask the Court to reopen discovery. On June 3, 2024, eighteen motions were filed by the parties concerning summary judgment, final certification/decertification, and experts. Even still, Plaintiffs did not ask the Court to reopen discovery. Only now do Plaintiffs seek to reopen discovery and take eight depositions—including re-deposing five individuals. Plaintiffs chose to wait approximately a year from the close of discovery, nine months after receiving supplemental ESI, and more than four months after the Court ordered a dispositive motion deadline to file this motion. This is not diligent. The request is untimely and fails to establish good cause.

**a. *Defendants' December 2023 Supplemental Document Production Does Not Excuse Plaintiffs' Delay.***

Plaintiffs' assertions that the December 2023 document production should allow them to take eight depositions well outside the discovery period and following dispositive motion briefings are unpersuasive. Plaintiffs had ample opportunity to file their request. As early as June 21, 2023, when IKEA filed its surreply to Plaintiffs' Motion for Sanctions, Plaintiffs were aware IKEA would produce additional documents from its global search if it found any responsive materials. *See Donofrio* ECF 323 at 3 n.1. Nevertheless, Plaintiffs plowed ahead with depositions of Brody, Ixtabalan, Olafsson, Lowes, and DeChamps, without requesting to keep them open or seeking a discovery extension. Even after Plaintiffs received the documents in December 2023, Plaintiffs did not seek to reopen discovery to re-depose witnesses. Instead, Plaintiffs have chosen to wait

until all eighteen motions had been filed on June 3, 2024, and fully briefed, to file this request for additional evidence. Thus, "the reason for the delay . . . was within the reasonable control of" Plaintiffs. *Eshun v. Welsh*, No. 15-1034, 2018 WL 3455684, at *3 (M.D. Pa. July 18, 2018).

Further, Plaintiffs inquired about depositions on May 9, 2024, when they wrote a letter to IKEA about same. *Donofrio* ECF 420-6, at Ex. C. IKEA advised Plaintiffs in ***May*** that IKEA objected to additional depositions and, if Plaintiffs wished to seek additional depositions, they would need leave of Court. Plaintiffs sat on such a request for many more months.

Plaintiffs rely on a series of distinguishable cases to justify their delay in seeking to reopen discovery. *See Donofrio* ECF 420-1 at 7. For example, in *Boyington v. Percheron Field Services, LLC*, No. 14-90, 2017 WL 5633171 (W.D. Pa. Nov. 21, 2017), the district court found good cause to reopen discovery concerning two individuals whom the defendant did not disclose left its employ where: (1) the plaintiffs sought minimal written discovery and no depositions regarding the individuals; and (2) the plaintiffs acted promptly (one to two months) after the discovery of the lack of disclosure to seek to reopen discovery. Here, however, Plaintiffs waited nine months after IKEA produced the additional documents to seek to reopen discovery ***and***, unlike in *Boyington*, Plaintiffs seek an onerous eight additional depositions.

Similarly, in *Krist v. Scholastic, Inc.*, No. 16-6251, 2019 WL 9809627 (E.D. Pa. Jan. 31, 2019), the defendant moved to reopen discovery ***less than one month*** after it received the information that served as the basis of its request to the court to re-depose a *single* person (the plaintiff). *Id.* at *2-*3.

Plaintiffs also claim that the district court in *Trask v. Olin Corp.*, 298 F.R.D. 244 (W.D. Pa. 2014), relied on the consideration that the plaintiffs' independent research uncovered additional information not revealed during the discovery process and attempt to analogize this to

the discovery disputes in this case. But, Plaintiffs mischaracterize the case and, more importantly, there is no justification for Plaintiffs' lack of diligence here. *Donofrio* ECF 420-1 at 7. In *Trask*, fact discovery ended on May 31, 2013, no dispositive motions had yet been filed, and the court entered an order reopening discovery for both parties on October 15, 2013. *Trask*, 298 F.R.D. at 249, 254. This is only a five-month gap between the end of fact discovery and the court's decision to reopen discovery, with the plaintiff taking quick action to seek additional discovery upon his counsel's uncovering of the precipitating information. *Id.* at 250-54. Additionally, the plaintiff's "independent research" required researching databases and paper files in storage, which the court found further delayed the plaintiff and did not count against the diligence consideration. *Id.* at 269. Conversely, here, Plaintiffs received the documents from IKEA in December 2023. They still waited nine months to file this Motion seeking to reopen discovery.

Just like Plaintiffs, the Court was aware that additional documents were produced. But, critically, the Court did not reopen discovery or order additional depositions following the evidentiary hearing and its Memorandum on Plaintiffs' Sanctions Motion. Instead, the Court's May 6, 2024 Order contained a dispositive motion deadline of June 3, 2024. *Donofrio* ECF 379. Despite this Order and dispositive motion deadline, Plaintiffs did not move to reopen discovery to take these depositions. Plaintiffs cannot rely on the belated December 2023 document production to excuse their untimely Motion now.

**b. *Plaintiffs Filed Motions for Partial Summary Judgment and Motions for Final Certification, Indicating Sufficient Evidence Exists Without Additional Discovery.***

Good cause is also lacking as evidenced by Plaintiffs filing their dispositive motions on June 3, 2024, and responding to Defendants' Motions for Summary Judgment on July 2, 2024. Under Rule 56(d), if Plaintiffs believed they could not present facts ***essential to justify its***

***opposition***, then that was the time to indicate a need for additional discovery. Third Circuit precedent makes clear that, by filing motions for summary judgment and final certification without seeking leave for more discovery, Plaintiffs demonstrated their belief they have sufficient evidence to seek dispositive relief without further depositions. *See LeBoon v. Jewish Lancaster Cmty. Ctr. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007) (denying the plaintiff's motion to reopen discovery two months after discovery closed because the plaintiff moved for summary judgment, "indicating that, from her perspective, the record was sufficient to warrant relief in her favor"); *see also Maslanka v. Johnson & Johnson, Inc.*, 305 F. App'x 848, 854 (3d Cir. 2008) (affirming the district court's denial of the plaintiff's request to reopen discovery when the plaintiff only renewed his request to reopen discovery in the sur-reply to the defendant's summary judgment motion—"long after discovery had closed and well into the summary judgment proceedings").

Plaintiffs try to address this flaw in their argument by claiming that, even though they could file the dispositive motions without the depositions, the depositions are needed for trial on the issue of pattern or practice[2]. *Donofrio* ECF 420-1 at 8. Why this is purportedly the case is left unexplained. But, if the eight additional depositions are so vital to Plaintiffs' trial preparation, "one would think that the plaintiffs would have moved to extend the discovery period at about the time it closed [and when Plaintiffs received the December 2023 documents], rather than over a year later." *Sparks Tune-Up Ctrs., Inc. v. Dong*, No. 93-3367, 1995 WL 612908, at *1 (E.D. Pa. Oct. 12, 1995). Further, Plaintiffs' Motion is also replete with assertions that there were numerous

[2] Plaintiffs improperly assume the Court will not grant any of Defendants' pending motions, *e.g.* Defendant's Motion for Partial Summary Judgment as to the Use of the "Pattern or Practice" Method for Proving ADEA Disparate Treatment Claims (*Donofrio* ECF 385); Defendant's Motion for Decertification of the Collective Action (*Donofrio* ECF 383); and Defendant's Motion for Summary Judgment (*Donofrio* ECF 384). Plaintiffs also fail to explain why depositions, which they claim are only necessary for trial, should be conducted now versus after all outstanding motions are ruled on.

"smoking gun" documents. *See Donofrio* ECF 420-1. Logic dictates, however, that if there were so many "smoking gun" documents, why would additional discovery be necessary for trial?

Moreover, Plaintiffs try to justify their nine-month delay between receiving the December 2023 documents and filing this Motion by saying they were "tied up" responding to Defendants' motions for summary judgment. *Donofrio* ECF 420-1 at 9. This, too, falls flat. It would have taken little time, effort, or energy to move to reopen discovery prior to dispositive motion briefing. Moreover, this attempted excuse ignores that Plaintiffs filed nine of their own motions, including motions for partial summary judgment in each of the collective actions, as well as motions for final certification and attorneys' fees, thus creating their own capacious series of filings. Plaintiffs cannot fault IKEA for exercising its right to defend itself and participate fully in this litigation.[3]

Plaintiffs' lack of diligence cannot support a finding of good cause sufficient to grant their Motion to reopen discovery.

**2. Reopening Discovery and Allowing Additional Depositions Will Prejudice Defendants and Further Delay Judicial Proceedings.**

When determining whether good cause allows discovery to be reopened, courts must also consider if the non-movant will suffer prejudice due to the discovery extension, as well as the impact it would have on judicial proceedings. *Trask*, 298 F.R.D. at 267; *Eshun*, 2018 WL 3455684, at *1. Reopening discovery here to allow Plaintiffs to take eight additional depositions

---

[3] Plaintiffs' accusations that IKEA used a "scorched earth" approach when filing its motions for summary judgment are incorrect, irrelevant to this motion, and disingenuous. *See Donofrio* ECF 420-1 at 8-9. Defendants properly filed their motions for summary judgment on Plaintiffs' disparate treatment claims following the Court's Memorandum and Order on Plaintiffs' Motion for Sanctions (*Donofrio* ECF 378, 379). As noted in Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (*Donofrio* ECF 398 at 2 n.2), the Court merely stated in its Memorandum on Plaintiffs' Motion for Sanctions, that the "documents IKEA belatedly produced in December 2023 reflected a practice of age discrimination by IKEA that was in effect during the class period, and it is therefore appropriate for the facts established by those documents to form the basis for the sanction here." *Donofrio* ECF 378 at 65. Documents, however, do not make hiring decisions. Instead, hiring managers make decisions, and no manager—including managers that are Plaintiffs—indicated they applied (or even knew about) any practice or policy that disfavored employees age 40+ in making decisions about who to promote. IKEA filed its dispositive motions in good faith and the arguments set forth in those motions speak for themselves.

will cause IKEA to suffer disproportional prejudice for numerous reasons and further delay this protracted litigation.

Plaintiffs argue that because there is no trial date, IKEA will not be prejudiced. This argument conveniently ignores the late-stage posture of this case. Plaintiffs' request for leave to depose eight witnesses comes ***after*** IKEA has filed and fully briefed multiple pending motions for summary judgment, motions for decertification, and oppositions to Plaintiffs' motions for final certification. These motions reveal the strategy and arguments of IKEA for each of these motions. *See Eshun*, 2018 WL 3455684, at *2 (finding prejudice to the non-movant if leave to depose two witnesses was granted in part because "the parties have already briefed the pending motion for summary judgment and revealed their arguments either for or against summary judgment"). As noted by another district court, allowing additional depositions at this stage in the proceedings "could alter the entire scope of the pending summary judgment motion[s], requiring newly drafted briefs and statements of material facts." *Id.* The potential to incur significant additional costs and delays due to the need of further renewed briefing cannot be anything but prejudicial to IKEA.[4] IKEA would certainly suffer prejudice if Plaintiffs could "turn[] back the clock while a motion for summary judgment remains pending," and take "yet another bite at the apple long after the deadline for apple biting has passed." *Id.* at *3.

Allowing Plaintiff to take more than half a dozen depositions will also place an "unwarranted burden on the court." *Zeingenfuse v. Kemp & Assocs., Inc.*, No. 14-05954, 2015 WL 7568259, at *4 (E.D. Pa. Nov. 25, 2015) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). By granting this motion, which would "almost certainly result in . . . re-briefing on

[4] Indeed, it is even prejudicial to Plaintiffs, as Plaintiffs stated at the evidentiary hearing that these collective actions have been drawn out, and yet they seek to extend it even further by delaying the rulings of dispositive motions.

the motions for summary judgment," the resolution of this case would be even further delayed and "undermine the 'inherent power' of the Court to manage its docket and decide cases." *Id.*

Additionally, although Plaintiffs attempt to package this request as "limited depositions" of a "limited number" of witnesses, in reality, they are seeking the depositions of eight witnesses—five of whom were already deposed, some for the full seven-hour limit.

Plaintiffs' Motion further demonstrates that Plaintiffs expect to wield the Court's May 6, 2024 Order more broadly than intended. The Court provided Plaintiffs the remedy for the prejudice it found Plaintiffs suffered. It did not order depositions to be taken or retaken. *Donofrio* ECF 398. Plaintiffs, however, seek to use the May 6, 2024 Order as a bulldozer to clear the path for all items on their wish list.[5]

There is simply no good cause to allow Plaintiffs to reopen discovery to take a substantial number of depositions, nine months after receiving supplemental documents from IKEA and after dispositive and decertification motions have all been filed and fully briefed.

### C. <u>The Eight Witnesses Plaintiffs Seek to Depose are Not Warranted.</u>

Plaintiff seeks to reopen discovery to take the depositions of eight individuals. Five of the eight were already deposed: Nabeela Ixtabalan, Sari Brody, Kristie Olafsson, Simon Lowes, and Jacqueline DeChamps. Three of the eight would be new deponents: Ulrika Biesert, Petra Hesser, and Lars Petersson. Plaintiffs' proposed reasoning for each of the eight witnesses are unpersuasive. Plaintiffs have had nine months to seek this discovery and the requests are outside the scope of permissible discovery, due to the unreasonable burden the depositions would impose.

[5] Moreover, on August 9, 2024, IKEA offered to mediate these matters with the Court's suggested mediator, the Honorable Eduardo C. Robreno. Plaintiffs did not agree. In light of this Motion, however, IKEA cannot help but postulate that Plaintiffs filed this motion and threatened the deposition of these IKEA witnesses to exert pressure on IKEA and its negotiations.

### 1. Plaintiffs Are Not Entitled to Re-Open Depositions of Five Witnesses.

Plaintiffs must obtain leave of court to reopen a deposition, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii). Leave may only be granted to conduct a second deposition of the same witness if it is consistent with the principles set forth in Federal Rule of Civil Procedure 26(b)(2). *State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008); *see also York Grp., Inc. v. Pontone*, No. 10-1078, 2012 WL 12895759, at *1 n.1 (E.D. Pa. June 15, 2012). Thus, the Court must not allow a second deposition if: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the movant "has had ample opportunity to obtain the information by discovery in the action"; or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2). Rule 26(b)(1) states:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The factors in Rule 26(b)(2) weigh against allowing Plaintiffs to re-depose these five witnesses. Plaintiffs' speculative reasoning for why they would like to depose these witnesses again—nine months after receipt of the December 2023 documents—does not outweigh the additional burden and expense on both IKEA and on these third parties (who are no longer employed with IKEA except one).

Plaintiffs' reliance on *Hibbert v. Bellmawr Park Mutual Housing Corporation*, No. 10-5386, 2013 WL 3949024 (D.N.J. Aug. 1, 2013), is flawed. *Donofrio* ECF 420-1 at 16. The witness the defendants there sought to re-depose in *Hibbert* was the plaintiff—not five third-party witnesses, as is the case here. Additionally, the *Hibbert* defendants seeking the additional deposition moved expeditiously with their request. *Id.* at *2. More specifically, the defendants received documents through a public records request on July 1, 2013, and their discovery motion was decided August 1, 2013, indicating those defendants filed their request to reopen discovery and allow one additional deposition in a matter of days or weeks upon receiving the documents. *Id.*

Many of Plaintiffs' arguments asserted to attempt to justify re-deposing Ixtabalan, Brody, and Olafsson were already received by the Court during the evidentiary hearing, as those individuals' emails were a focus of the hearing and some even mentioned in the Court's Memorandum on Plaintiffs' Motion for Sanctions. *See Donofrio* ECF 420-1 at 11-14; *Donofrio* ECF 353, Dec. 20, 2023 Tr. at 146:12-149:3,149:6-150:21, 153:11-154:15; *Donofrio* ECF 378 at 27. Similarly, in support of Plaintiffs' insistence that they need to re-depose Jacqueline DeChamps, Plaintiffs cite a cover email attaching a PowerPoint, a document which IKEA had previously produced various versions of in June and July 2022 (IKEA-051424; IKEA-070387; IKEA-065849; IKEA-087036). *Donofrio* ECF 420-1 at 14-15; ECF 364 at 14:11-19:22. That cover email, while not produced prior to December 2023, was the subject of great attention at the evidentiary hearing. *See Donofrio* ECF 353 at 144:3-21; *Donofrio* ECF 364 at 14:11-19:22. Since the Court did not order those individuals to be re-deposed in the May 6, 2024 Order following the evidentiary hearing, or re-open discovery to allow such depositions, there is no persuasive reason

as to why Plaintiffs should be permitted to re-depose those three individuals now, nine months after the receipt of the December 2023 documents and after dispositive motion briefing.

Additionally, the so-called "smoking gun" document that Plaintiffs cite in support of their argument to re-depose Simon Lowes was already partially produced to Plaintiffs in June 2022, and had identified Lowes was part of the team requested to travel to discuss, in part, diversity and inclusion (IKEA-043555). *See Donofrio* ECF 420-1 at 13-14. Therefore, Plaintiffs already had the opportunity to question Lowes and use that document to try and refresh his recollection; they chose not to do so. Plaintiffs may try to comb through the December 2023 documents for more examples, but this demonstrates anything further would be disingenuous and a scrambling attempt to justify their untimely and unnecessary request.

**2. Plaintiffs Are Not Entitled to Additional Depositions of Three Entirely New Witnesses.**

Plaintiffs also seek the depositions of two witnesses who held positions with IKEA Global: Ulrika Biesert and Petra Hesser, and the former CEO of IKEA US, Lars Petersson. ECF 420-1 at 17-19. Each were on emails previously produced to Plaintiffs long before December 2023, either as recipients or senders. Plaintiffs cite the Court's Memorandum on Plaintiffs' Motion for Sanctions, where it stated that Plaintiffs "would have selected additional people to depose." *Donofrio* ECF 378 at 62-63; *Donofrio* ECF 420-1 at 17. Again, this only demonstrates that the Court was aware of and knew of Plaintiffs' potential to take additional or different depositions, and yet still did ***not*** include such relief in its May 6, 2024 Order, ordering different relief for Plaintiffs. Plaintiffs have now decided they are not satisfied with the remedies the Court ordered.

Plaintiffs seek to take Ulrika Biesert's deposition, claiming they did not know until the December 2023 documents, that there was a "connection between IKEA Global and IKEA US." *Donofrio* ECF 420-1 at 18. This is simply not true. Plaintiffs knew of Biesert, and knew from

Brody's deposition that Brody reported to Biesert. *See Donofrio* ECF 420-6 at Ex. P, Brody Dep. at 87:9-17. Although Plaintiffs try to spin that they should be able to now depose Biesert "to question her about her role in the" process of IKEA Global seemingly "monitoring and overseeing implementation of diversity goals," Plaintiffs knew that Brody reported to Biesert for three years. Thus, Plaintiffs were not in the dark as to Biesert or IKEA Global's potential role—if any—related to Plaintiffs' allegations. Moreover, Biesert was included on emails previously produced to Plaintiffs; even the recipient of an email discussing an IKEA business plan, vision statement, and long-term objectives (IKEA-077737). Had Plaintiffs wished to depose Biesert, they had ample information to make that determination previously.

Plaintiffs also wish to take Petra Hesser's deposition because she was supposedly "implicated in a number of the December documents, which shed light on and support the connection between IKEA Global and IKEA US." *Donofrio* ECF 420-1 at 18. Similarly to Biesert, Brody testified in her deposition that she reported to Hesser for a number of years. *See Donofrio* 420-6 at Ex. P, Brody Dep at 87:9-17. Again, Plaintiffs were therefore well aware of Hesser's potential knowledge about the purported "connection between IKEA Global and IKEA US," when Brody testified that she had reported to Hesser. Additionally, Hesser also appeared on emails previously produced to Plaintiffs, including an email providing a diversity and inclusion year-end update, and thus Hesser has also been known to Plaintiffs for quite some time (IKEA-035904). Had Plaintiffs wished to depose Hesser, they had ample information to make that determination previously.

Finally, Plaintiffs want to depose Lars Petersson, the former US Country Manager (the title used by IKEA to refer to its CEO). To support this, Plaintiffs cite an email on which Petersson was copied. *Donofrio* ECF 420-1 at 19. Certainly, Plaintiffs have known of the CEO since the

start of litigation. Indeed, Plaintiffs attempted to add the CEO of IKEA as a custodian during the ESI protocol discussions, but the Court denied that request. *See Donofrio* ECF 296, Apr. 14, 2022 Hearing Tr. at 25:20-26:1. There is no reason he should now be forced to be deposed this far into the litigation based on two emails on which he was merely copied.[6] Moreover, Lars Petersson had been a recipient or sender of emails previously produced to Plaintiffs, including emails where he was involved in the interview or review process for leadership (IKEA-072571, IKEA-072645).

This request for additional depositions is simply another instance where Plaintiffs are manipulating the Court's May 6, 2024 Order and Memorandum to grant all their wishes, after already receiving the relief found appropriate by the Court—which did not include reopening discovery and allowing a plethora of continued and brand-new depositions.

## III. <u>CONCLUSION</u>

The Court already ruled on this issue, yet Plaintiffs seek to renew their request. Plaintiffs, however, have failed to show good cause to reopen discovery because Plaintiffs' untimely Motion to Reopen Discovery comes nine months after they received the December 2023 documents, and five months after the Court ordered dispositive motions to be filed on June 3, 2024. Plaintiffs' decision to delay their Motion fails to meet the "good cause" standard and Plaintiffs' Motion must be denied.

---

[6] The diversity goal point system referred to in the email on which Petersson is copied (IKEA-102142 to 43), and which Plaintiffs cite to, *Donofrio* ECF 420-1 at 19, had appeared either in whole or in part in twenty-four previously produced documents. *See* string cite in *Donofrio* ECF 348 at 5.

Respectfully submitted,

/s/ Brandon R. Sher
Paul Lancaster Adams, Esq.
Brandon R. Sher, Esq.
Jennifer G. Betts, Esq.
Emily Santoro, Esq.
Chris R. Pace, Esq. (Admitted *Pro Hac Vice*)
John G. Stretton, Esq. (Admitted *Pro Hac Vice*)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, PC.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2840 Telephone
(215) 995-2801 Facsimile
pladams@ogletree.com
brandon.sher@ogletree.com
jenn.betts@ogletree.com
emily.santoro@ogletree.com
chris.pace@ogletree.com
john.stretton@ogletree.com

*Attorneys for Defendants*

Date: September 24, 2024