**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANK DONOFRIO,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA US RETAIL, LLC<br>Defendant. | : | CIVIL ACTION<br>No. 2:18-cv-00599-AB |
| WILLIAM V. ANTONELLI, JR.,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC., *et al.*<br>Defendants. | : | CIVIL ACTION<br>No. 2:19-cv-01286-AB |
| BRANDON PAINE,<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated,*<br>Plaintiff,<br><br>v.<br>IKEA HOLDING US, INC., *et al.*<br>Defendants. | : | CIVIL ACTION<br>No. 2:19-cv-00723-AB |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT**
**OF THEIR MOTION FOR LEAVE TO REOPEN DISCOVERY FOR THE LIMITED**
**PURPOSE OF TAKING A LIMITED NUMBER OF DEPOSITIONS**

In accordance with the Court's Policies and Procedures, Plaintiffs submit this Reply Brief in further support of their Motion For Leave To Reopen Discovery For The Limited Purpose Of Taking a Limited Number of Depositions (*Donofrio* ECF 420).[1]

**1. Plaintiffs Do Not Seek To Delay A Ruling On The Parties' June, 2023 Motions, To Open Up And Re-Brief IKEA's Dispositive Motions, Or To Further Delay These Proceedings In Any Way.**

Plaintiffs have never sought to delay proceedings in this needlessly protracted litigation, nor do they do so now.

IKEA's Opposition addresses a straw man, arguing that granting Plaintiffs' Motion will result in renewed briefing on the June 3, 2024 motions and further delay judicial proceedings. *See* ECF 422, pp. 12-13. According to IKEA, Plaintiffs "seek to extend [the drawn out litigation] even further by delaying the rulings of dispositive motions." ECF 422, pp. 12-13, n. 4. This is not so. Nowhere in Plaintiffs' Brief in support of their Motion do Plaintiffs suggest a need to take depositions before the Court rules on the June 3, 2024, motions or request an opportunity to re-brief those motions.[2] Defendants fail to state a single reason why taking depositions at some

---

[1] References to filings are made to *Donofrio* ECF numbers only, but include the same filings (with different ECF numbers) that were also made in the *Paine* and *Antonelli* cases.

[2] IKEA – not Plaintiffs -- raised the prospect of re-briefing motions. IKEA's Opposition takes a fact-specific scenario from a case with entirely distinguishable facts in order to suggest that granting Plaintiffs' motion would open a Pandora's box and would "almost certainly result in…re-briefing on the motions for summary judgment," which would "undermine the 'inherent power' of the court to manage its docket and decide cases." *See* ECF 422, p. 13 (citing *Zeigenfuse v. Kemp & Assocs.*, 2015 U.S. Dist. LEXIS 159500, *11 (E.D. Pa. Nov. 25, 2015). To start, the underlying issue in *Zeigenfuse* was whether the defendant could file an amended answer—which would include four entirely new counterclaims—to plaintiff's complaint. *Id.* at *1. The Court in *Zeigenfuse* rejected that motion because the amended counterclaims at a late stage in litigation would have expanded the entire case, which had been focused on a narrower set of issues. *Id.* at *10-11. Amending an answer to a complaint that introduces new causes of action that change the nature of the litigation is in no way similar to taking a limited number of depositions to question a limited number of key witnesses sometime after the conclusion of summary judgment briefing but before trial on smoking gun documents Plaintiffs were denied

point before trial[3] -- which is what Plaintiffs' Motion seeks -- would cause any delay at all, particularly given the fact that there are no upcoming deadlines and a trial date has not yet been set.

Plaintiffs have no motive or intention to slow these cases down.[4] Plaintiffs have every reason to move this case forward swiftly and efficiently and have been unwavering in their efforts to do so. Plaintiffs recognize that there is a significant difference between the existence of evidence sufficient to create a disputed issue of material fact to defeat a motion for summary judgment and the presentation of that evidence to persuade a jury to find that fact at trial. Contrary to IKEA's assertions, Plaintiffs have expressed and demonstrated that they did <u>not</u> want to delay moving forward to trial by delaying resolution of dispositive motions:

- When Defendants filed motions for summary judgment on the named plaintiffs' individual failure to promote age discrimination claims, Plaintiffs' Oppositions did not argue that they needed further depositions to create a genuine issue of material fact to defeat summary judgment. Plaintiffs stated: "Plaintiffs intend to move the Court for leave to take the deposition[s] before trial and, at trial, to ask for an adverse inference instruction based on IKEA's deletion of material evidence." ECF 402 at p. 12.

- In their Opening Brief in support of the instant motion, Plaintiffs stated: "…[W]hile Plaintiffs were able to brief summary judgment and final certification without these additional depositions, these additional depositions are necessary for Plaintiffs to fully prepare their case and move forward with a trial on the issue of the existence of a pattern or practice. No trial deadlines have yet been set, and there would be no prejudice to Defendants to reopen discovery for the limited purpose of deposing the few witnesses before the start of trial." ECF 420-1 (footnote omitted).

---

during discovery due to Defendants' willful misconduct. Plaintiffs never suggested, nor do they now, any need to re-brief dispositive motions.

[3] Defendants incorrectly assert that Plaintiffs asked for these depositions "now". ECF 422, p. 11, FN2. Plaintiffs made no mention in their opening brief of a need to take these depositions "now". Rather, Plaintiffs noted in their brief as they did in prior statements, including to the Court, that they request these depositions <u>before trial</u>.

[4] To the contrary, Plaintiffs have expressed on multiple occasions that they are being "bled dry by IKEA" whose "strategy of drawing things out unnecessarily" is "depleting Plaintiffs' available resources to pursue their case." *See* ECF 423, p. 7.

**2. The Relevant Timeline Demonstrates That Plaintiffs Have Acted Diligently.**

Defendants' arguments that Plaintiffs' Motion is "severely delayed" and that Plaintiffs sat on this request to take depositions should be rejected. Contrary to IKEA's characterization, the relevant timeline demonstrates Plaintiffs' diligence and the timeliness of Plaintiffs' Motion.

As this Court well knows, Defendant failed to produce the smoking gun documents until **December 12, 2023**, and the need to depose key witnesses on them did not arise until after the close of discovery.

Three days after receipt of the documents, Plaintiffs' counsel on **December 15, 2023**, sent a letter to the Court requesting "the ability to amend their request for relief to include the entry of judgment in favor of all plaintiffs and against IKEA, and that the Court proceed with an assessment of damages to be awarded each plaintiff." ECF 343. If granted, Plaintiffs' request for relief would have obviated the need to take the depositions now requested.

There occurred from **December 20, 2023 through March 18, 2024** a period of evidentiary hearings on Plaintiffs' Motion for Sanctions, during which the Court indicated that new depositions could of course be taken and IKEA indicated that it agreed. There appeared to be no dispute as far as Plaintiffs' ability to take further depositions.

On **May 6, 2024**, the Court issued its Order on Plaintiffs' Motion for Sanctions and it does not address whether Plaintiffs may take new depositions – a point on which there appeared to be no dispute. The Court's accompanying Memorandum contemplates Plaintiffs taking new depositions as a means to help remedy the prejudice Plaintiffs have suffered in the presentation of their cases. ECF 378, 51-55; 62-63 ("[w]hile conducting new depositions of key individuals <u>**will**</u> help rectify this prejudice, witness testimony regarding specific email exchanges may be less

useful to Plaintiffs than if they had received the requested documents when IKEA was ordered to produce them in 2022.") (emphasis added).

Immediately after the Court's ruling, on **May 9, 2024**, Plaintiffs requested deposition dates for eight specifically identified individuals.

On **May 16, 2024**, Plaintiffs suggested discussing a reasonable compromise as to dates of depositions while also expressing that any dispositive motion filed by IKEA would not meet Rule 11 standards, and that the cases were "headed for trial…" *See* ECF 420-6 at pp. 17-18, 23-24.

By the time it became clear on **May22, 2024** (*see* ECF 420-6 at pp. 26-7) that Defendants would not provide depositions dates notwithstanding its prior representations and that Plaintiffs would have to take the matter to the Court, Plaintiffs were in the midst of preparing three significant motions (for partial summary judgment and equitable relief, final certification, and attorney's fees) that they filed on June 3, 2023.

On **June 3, 2024**, IKEA filed seven different motions to which Plaintiffs needed to respond. Defendants' argument that "[i]t would have taken little time, effort, or energy to move to reopen discovery prior to dispositive motion briefing" ignores the asymmetry in resources between the attorneys representing each party. *See* ECF 422, p. 12; *see also* ECF 423, p. 7 ("In contrast to IKEA, Plaintiffs are of modest means and represented by a small law firm with limited resources.").

Plaintiffs' **July 2, 2024**, Opposition to IKEA's summary judgment motions on the individual claims explicitly stated that Plaintiffs intended to move the Court for leave to take the depositions before trial. ECF 402 at p. 12.

Plaintiffs' **September 6, 2024** brief in support of the instant Motion stated that while Plaintiffs were able to brief summary judgment and final certification without these additional depositions, these additional depositions are necessary for Plaintiffs to fully prepare their case and move forward with a trial.

As of today, **October 4, 2024**, no trial date has been scheduled.

As the timeline demonstrates, Plaintiff have acted diligently to move the cases forward. The only party who has sought to delay proceedings is IKEA, which has engaged in scorched earth litigation tactics (including forcing Plaintiffs to file the instant motion, notwithstanding its prior representations), has moved the Court to stay execution of the Court's Order imposing monetary sanctions against IKEA (ECF 424), and which has requested that Plaintiffs agree to stay the cases in their entirety and suggested to the Court that it would make sense to do so (*id. at* pp. 2-3, 4).

**3. Defendants' Only Articulation Of Prejudice Is A Fiction.**

As the timeline also clearly demonstrates, IKEA has failed to articulate a single convincing reason why it would be prejudiced by Plaintiffs taking the limited number of requested depositions. IKEA's prejudice analysis focuses on a made-up delay that would be caused by remedies Plaintiffs did not ask for (such as re-briefing). Plaintiffs do not seek any re-briefing, nor do they seek to delay proceedings in any of the ways Defendants baselessly speculate.

Defendants' mention of prejudice resulting from the "late-stage posture of this case" ignores: 1) that the need to take the depositions to inquire about the smoking gun documents did not arise until <u>after</u> the close of discovery and during the "late-stage posture" of this litigation; 2) the fact that Plaintiffs' request for leave to conduct the depositions at this "late-stage posture"

stems directly from IKEA's own willful, bad faith misconduct (s*ee* ECF 422, p. 13; and 3) no trial date has been set and there are no upcoming deadlines.

The case IKEA relies upon in its attempt to demonstrate prejudice is clearly distinguishable and unconvincing in these circumstances. See ECF 422 (citing *Eshun v. Welsh*, C.A. No. 15-1034, 2018 U.S. Dist. LEXIS 119437 (M.D. Pa. July 18, 2018)). In *Eshun*, the plaintiff who was delayed in requesting deposition testimony was "aware of the witnesses' necessity" and had "ample opportunity" to obtain the necessary deposition testimony "prior to the discovery deadline". *Eshun*, 2018 U.S. Dist. LEXIS 119437 at *5. By contrast, IKEA's misconduct made such knowledge an impossibility for Plaintiffs, who could not have known about the necessity to question witnesses (new or already deposed) on documents they did not know existed after discovery closed. IKEA's attempt to liken its circumstances to the prejudice experienced by the non-moving party *Eshun* should be rejected.

**4. Nothing in the Court's Sanctions Order Precludes Taking New Depositions, And The Court's Sanctions Memorandum Contemplates Allowing Plaintiffs To Do So.**

IKEA's Opposition asserts that "the Court already ruled on this issue" (ECF 422 at p. 19) and that Plaintiffs' Motion is in "defiance" of the Court's decision not to re-open discovery (*id.* at p. 3). This is plainly false. In deciding a motion for sanctions under Rule 37, the Court did not rule on a motion for leave to take new depositions. The Sanctions Order did not address whether Plaintiffs could take new depositions – a point on which there appeared to be no dispute. Defendants' characterization of Plaintiffs' motion as an attempt to "circumvent the functional equivalent of *res judicata*" (ECF 422, pp. 6, 19) by seeking leave to conduct eight depositions is fundamentally incorrect.

Nothing in the Court's May 6, 2024 Order precludes taking further depositions before trial.[5] Rather, the Court's May 6, 2024 Memorandum accompanying its Order suggested that new depositions were an agreed upon baseline solution to help remedy the prejudice Plaintiffs experienced, and the Court's Order elucidated what *additional* remedies/compensation Plaintiffs were entitled to. *See* ECF 378, p. 63. The question during the hearings was not *whether* Plaintiffs would get to take new depositions. Indeed, new depositions were contemplated as a floor, not a ceiling. *See* ECF 420 pp. 2-3 (quoting the Court's statements about new depositions during the Hearing: "New depositions. There's no question."; "I know you're going to have to take new depositions of these people."; "…you certainly can take the depositions of these people and you're entitled perhaps to some other compensation."). Taking new depositions, in other words, was a necessary-but-not-sufficient solution to the prejudice Plaintiffs experienced. That the Court ordered *additional* remedies and sanctions does not negate the agreed-upon baseline of new depositions.

**5. IKEA's Statements To The Court Regarding Possible Mediation Are Irrelevant And Misleading.**

IKEA's Opposition tells the Court that IKEA on August 9, 2024, offered to mediate these cases, Plaintiffs did not agree, and: "In light of this Motion, however, IKEA cannot help but postulate that Plaintiffs filed this motion and threatened the deposition of these IKEA witnesses to exert pressure on IKEA and its negotiations." ECF 422, p. 14, n. 5. This *non-sequitur*

[5] The fact that the Court's May 6, 2024 Order set a dispositive motion deadline of June 3, 2024 does not preclude new depositions. Defendants mischaracterize the ability to take these depositions before trial and the fact that the Court issued a dispositive motion deadline in its Order as mutually exclusive. *See* ECF 422, p. 10. This is not the case. As Plaintiffs outlined in their May 16, 2024 correspondence with IKEA's counsel, Plaintiffs maintain their position that the short time period set for dispositive motions did *not* evidence that depositions were precluded, but that a dispositive motion filed by IKEA would not be tenable in light of the Court's conclusions expressed in its Sanctions Memorandum. *See* Exhibit E to ECF 420 at p. 24.

addresses a matter that Plaintiffs would not normally discuss in briefing on an unrelated motion. Since IKEA raised the issue, however, Plaintiffs will briefly set the record straight.

IKEA's characterization of its offer to mediate to which Plaintiffs did not agree is misleading in what it fails to say: Plaintiffs in July, 2022, made a detailed settlement proposal to which IKEA chose not to respond. Over two years later (during which time the likelihood of success for the plaintiffs and the legal fees incurred have increased significantly), IKEA's counsel on August 8, 2024, made an offer to mediate that was conditioned upon Plaintiffs' agreement to stay the cases and Plaintiffs making a revised demand. Plaintiffs' counsel did not agree to that. Steve Console explained to Paul Lancaster Adams that Plaintiffs would not agree to any stay or mediation unless and until IKEA makes a specific settlement proposal that suggests that further negotiations make sense. The parties agreed that the ball was in IKEA's court to make a detailed offer. IKEA never did.

Further, as the chronology of events demonstrates, IKEA's postulation that "Plaintiffs filed this motion and threatened the deposition of these IKEA witnesses to exert pressure on IKEA and its negotiations" is contrary to the facts known to IKEA. Plaintiffs requested dates for the depositions of these eight individuals on May 9, 2024 (immediately after the Court ruled on Plaintiffs' Sanction motion seeking relief which would have obviated the need for them) and on July 2, 2024 expressly stated to IKEA and the Court in their summary judgment opposition briefs Plaintiffs' intention to seek leave to depose the witnesses – *i.e.,* before IKEA's August, 2024 offer to mediate. Moreover, it was IKEA that rejected Plaintiffs' attempt to discuss compromise and avoid having to file a motion with the Court (*see* ECF 420-6, p. 24) and instead told Plaintiffs that they "can always move for clarification of the Court's Order" and "recommend[ed]" that

they move the Court to reopen discovery. *See* ECF 420-6. IKEA's attribution of an ulterior motive for Plaintiffs' filing the instant Motion is baseless and improper.[6]

**Respectfully Submitted,**

BY: */s/ Evelyn Kallenbach*
Stephen G. Console
Laura C. Mattiacci
Susan M. Saint-Antoine
Caren N. Gurmankin
Evelyn Kallenbach
Madison Provorny
CONSOLE MATTIACCI LAW LLC
1525 Locust Street, 9th Fl.
Philadelphia, PA 19102

Dated: 10/4/2024

Attorneys for Plaintiffs

[6] In support of its Motion To Stay The Execution Of The Court's Sanction Order (ECF 424), IKEA also characterizes the parties' discussions of a possible mediation in a misleading way and makes false statements for improper purpose such as portraying Plaintiffs in an unfavorable light or acting unreasonably to impede the resolution of these cases. *See* ECF 424-1, pp. 2-3, 4. IKEA tells the Court that Plaintiffs "seemingly abandoned" an agreement by Mr. Console "to hold off on pursuing collection of the fees while the parties discussed the contours of a potential mediation." This is false. On August 19, 2024, Mr. Lancaster Adams told Mr. Console that he expected that an offer from IKEA would be forthcoming and asked that Plaintiffs hold off until after Labor Day on pursuing the collection of the monetary sanctions award issued against IKEA; Mr. Console agreed, and Plaintiffs held off. On August 27, 2024, Mr. Console agreed to hold off another week, and Plaintiffs did so. Mr. Console did not agree to hold off on enforcing the monetary sanctions Order indefinitely while IKEA strung Plaintiffs along. Plaintiffs did not file their Motion for Enforcement of the Court's July 22, 2024 Order for Monetary Sanctions Against IKEA (ECF 423) until September 27, 2024.